UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAUL RUSESABAGINA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 22-00469 (RJL) |
| v. | ) ) ) | |
| THE REPUBLIC OF RWANDA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## AFFIDAVIT OF SERVICE ON THE DEFENDANT REPUBLIC OF RWANDA

I, Edward MacAllister, hereby certify under penalty of perjury, this 26th day of April, that:

1. The Defendant the Republic of Rwanda ("Rwanda") was served pursuant to the provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada.*

2. 28 U.S.C. § 1608 sets forth the requirements for sufficient service on a foreign sovereign. The first possible means set forth in 28 U.S.C. § 1608 is subsection § 1608(a)(1) is under any special arrangement for service between the "plaintiff and the foreign state or political subdivision." No such "special arrangement" exists with regard to any Plaintiff in this action and any Defendant in this action.

3. The next means of service pursuant to the FSIA is through delivery in accordance with any international convention on service of judicial

documents. 28 U.S.C. § 1608(a)(2). The only applicable such international convention is the *Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*. (Citation omitted). This Convention was ratified by the United States but has never been ratified by Rwanda. Service therefore was not available through this route either.

4. The next means of service available is by sending "a copy of the summons and complaint and a notice of the suit, together with a translation of each into the official language of the foreign state *by any form of mailing* requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3) (emphasis added).

5. Service was attempted under section 1608(a)(3):

> if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned,
>
> 28 U.S.C. § 1608(a)(3).

6. Plaintiffs strictly adhered to the literal requirements of section 1608(a)(3) and used Federal Express to send the required documents by "mail requiring a signed receipt" to the "head of the ministry of foreign affairs of the foreign state concerned", *see* Dkt. ##6-8, using waybill #776171526654. Dkt. #8-1.

7. Federal Express delivered #776171526654 to the Rwandan Ministry of Foreign Affairs on March 8, 2022, which was signed for by "Rusen" at the Ministry. Exhibit 1.

8. Federal Express has provided an affidavit, Exhibit 2, which describes its internal document called a Delivery Record. Exhibit 3. These documents further demonstrate that Plaintiffs served Rwanda on March 8, 2022, as required by the FSIA.

9. The summons issued in this case requires Rwanda to answer sixty days after Plaintiffs completed service, which means an answer or responsive pleading is due by May 9, 2022. *See* Dkt. #5.

10. Service on the remaining Defendants who are individuals in a foreign country, *see* Fed. R. Civ. P. 4(f), remains ongoing.

I declare under penalty of perjury that the foregoing is true and correct.

April 26, 2022

Respectfully Submitted,

*/s/ Edward MacAllister*

Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
PERLES LAW FIRM, PC
816 Connecticut Avenue
12th Floor
Washington, DC 20006
Telephone: 202-955-9055

Attorney for Plaintiffs

3