**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

PAUL RUSESABAGINA, *et al.*,                )

                                            )

                        Plaintiffs,         )          CIVIL ACTION NO.: 22-00469(RJL)

                                            )

            v.                              )

                                            )

THE REPUBLIC OF RWANDA, *et al.*,           )

                                            )

                        Defendants.         )

_____)

### <u>PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT FOR AN EXTENSION OF TIME TO RESPOND TO THE FOUR DEFENDANT INDIVIDUALS' TWO MOTIONS TO DISMISS</u>

Plaintiffs respectfully move the Court for an Order extending Plaintiffs' time to respond to two separate motions to dismiss, filed on July 22 and July 26, that the Defendants filed in a span of four days on behalf of the four Defendant individuals, while the motion to dismiss filed on behalf of Defendant Rwanda remains pending (Plaintiffs' response is due August 1). Counsel for Rwanda has consented to a partial extension of 15 days for only one of the two recently filed motions to dismiss. Plaintiffs respectfully assert that good cause for an extension for both motions to dismiss exists for at least four separate reasons: (1) the number of pending dispositive motions to which Plaintiffs must respond and the overlapping nature of the due dates; (2) the number of discrete issues involved in each motion; (3) the complexity of the issues involved in each motion; and (4) the attorneys on Plaintiffs' team with primary responsibility for the issues addressed in these motions have preplanned, nonrefundable international vacations booked between now and the due dates for the response to the motions, while another attorney has significant litigation conflicts, including a D.C. Circuit brief due on August 15, 2022.

1

Plaintiffs propose they be given a 30-day extension from due date of the response to the later-filed motion to dismiss to respond to the two recently filed motions, that the responses be given a unified briefing schedule, and that Defendants be given a 15-day extension to file any reply briefs, as they requested. Under this schedule, Plaintiffs' opposition to Defendant Paul Kagame's Motion to Dismiss (Dkt. 25) would be due September 8, 2022, and Defendant Kagame's reply would be due September 30, 2022. Plaintiffs' opposition to Defendants Johnston Busingye's, Joseph Nzabamwita's, and Jeannot Ruhunga's Motion to Dismiss (Dkt. 29) would be due September 8, 2022, and Defendants' reply would be due September 30, 2022.

This is Plaintiffs' third request for an extension in this case but first regarding these motions to dismiss. This extension would not affect any other deadline in this case.

## **BACKGROUND**

This case arises out of Defendants' conspiracy to kidnap, torture, and imprison Plaintiff Paul Rusesabagina, a world-renowned human rights activist whose heroics were celebrate in the 2004 film Hotel Rwanda, due to Mr. Rusesabagina's criticisms of President Paul Kagame's authoritarian regime that governs Rwanda. Plaintiffs brought this suit against five separate defendants who were involved in the conspiracy against Mr. Rusesabagina: the Republic of Rwanda, President Kagame, Johnston Busingye, Joseph Nzabamwita, and Jeannot Ruhunga.

On May 9, 2022, Defendant Rwanda filed a motion to dismiss asserting, a lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, lack of personal jurisdiction, and failure to state a claim.  (First Motion to Dismiss).  Due to the number and complexity of the issues raised in that motion, and with Rwanda's consent, Plaintiffs moved for a 45-day extension of time to respond to that motion, which the Court granted on May 19, 2022.

In view of important factual developments which occurred after the filing of their first complaint, Plaintiffs thereafter filed an amended complaint on May 31, 2022, and Rwanda filed a new motion to dismiss June 14, 2022, which added ten new pages of argument. Plaintiffs moved for another extension, until August 1, which Rwanda did not take a position on. The Court granted the extension, and Plaintiffs will file an opposition to Rwanda's motion to dismiss by the August 1 deadline.

On July 22, 2022, Defendant Kagame filed a motion to dismiss, which was signed by the same counsel already representing Rwanda. Defendant Kagame's motion seeks judicial notice under Fed. R. Evid. 201, dismissal for lack of subject-matter jurisdiction, dismissal for failure to state a claim, dismissal for lack of personal jurisdiction, and dismissal for lack of service of process. (Second Motion to Dismiss).  Under the Local Rules, Plaintiffs' deadline to respond to that motion is August 5 – four days after their deadline to respond to the First Motion to Dismiss.

On July 26, 2022, Defendants Johnston Busingye, Joseph Nzabamwita, and Jeannot Ruhunga filed their own separate motion to dismiss, again signed by the same counsel representing Defendants Rwanda and Kagame. (Third Motion to Dismiss). Defendants Busingye's, Nzabamwita's, and Ruhunga's motion seeks dismissal for lack of subject matter jurisdiction on two separate theories of immunity, failure to state a claim, for lack of personal jurisdiction, and for lack of service of process. Plaintiffs' deadline to respond to Third Motion to Dismiss is presently August 9 – four days after their deadline to respond to Second Motion to Dismiss and eight days after their deadline to respond to First Motion to Dismiss.

Counsel for Plaintiffs emailed defense counsel on July 22, the same day Defendant Kagame filed his motion to dismiss, to seek counsel's consent to an extension for Plaintiffs' response. Counsel for plaintiffs also asked whether the remaining Defendants planned to file

motions to dismiss so the parties could propose a unified briefing schedule. Defense counsel responded on July 25 that they opposed any extension to Plaintiffs' response to Defendant Kagame's Motion and would not say whether the other Defendants planned to file a motion to dismiss.

Counsel for Plaintiffs emailed defense counsel again on July 26 to seek Defendants' position on an extension for Plaintiffs' response to Defendants Businge's, Nzabamwita's, and Ruhunga's motion. Defense counsel partially consented by agreeing to only a 15-day extension to respond to the Third Motion to Dismiss, and requested a 15 day extension for their Reply brief.

## ARGUMENT

Good cause exists for an extension because Plaintiffs have acted with diligence and Plaintiffs (and their counsel) will suffer prejudice if the extension is not granted.

The number of motions to which Plaintiffs must respond on overlapping schedules is, on its own, reason for an extension. The August 1 deadline to respond to Rwanda's motion to dismiss has long been set, and Plaintiffs will meet it. Plaintiffs have relied on having until August 1 to respond to that motion, and have planned to use all remaining time to do so. Upon filing their opposition to Rwanda's motion to dismiss on August 1, Plaintiffs will have only four days to file their opposition to the Second Motion to Dismiss under the current briefing schedule. Four days is not enough time to respond to any dispositive motion, even one that raises simple issues, which this one does not.  The Second Motion to Dismiss raises several complex issues of law, including immunity for a foreign head of state, service in a foreign country, and a challenge to the Court's personal jurisdiction, among others. The Second Motion to Dismiss also raises matters of Rwandan law, further complicating the task of drafting a response.

Upon filing their opposition to the Second Motion to Dismiss, Plaintiffs would then have until August 9 – four days after their deadline to respond to Second Motion to Dismiss and eight days after their deadline to respond to First Motion to Dismiss.  Defendants have consented to a 15-day extension for the response to the Third Motion to Dismiss, which would move the deadline to August 24.  However, the attorneys with primary briefing responsibility have prescheduled, nonrefundable international vacations in the first half of August, while another attorney has significant litigation conflicts, including a D.C. Circuit brief due on August 15, 2022.  The Third Motion to Dismiss raises several complex issues of law, including immunity for foreign officials, service in a foreign country, and a challenge to the Court's personal jurisdiction, among others. As with the Second Motion to Dismiss, the Third Motion to dismiss also raises matters of Rwandan law.

This is Plaintiffs' third request for an extension in this case but first regarding the Second and Third Motion to Dismiss.  This extension will not affect any other deadline in this case; thus the extension will not prejudice any of the parties.  Defense counsel has claimed that expeditious resolution of the immunity of the Defendant individuals is required because this litigation is supposedly distracting them from their official duties, but this explanation warrants little credence: discovery has not opened and Plaintiffs getting extra time to respond does not create any additional tasks that would require Defendants' personal attention.

Counsel for Plaintiffs also inquired what extension counsel for Rwanda would request for Defendants' reply, and they requested a 15-day extension.

For these reasons, Plaintiffs respectfully request that the Court grant this consent motion for an extension of time, to and including September 8, 2022, within which to respond to the Rwanda's Second and Third Motion to Dismiss (Defendants have partially consented to allow

Plaintiffs 15 extra days to respond to the Third Motion to Dismiss, which would be August 24),

and that Defendants have 15 extra days within which to reply, as they requested.

### CONCLUSION

Plaintiffs respectfully assert that, while Defendants have consented in part to a 15-day

extension for the Third Motion to Dismiss, good cause for the full 30-day extension for both

recently-filed motions to dismiss on behalf of the four Defendant individuals exists for at least

four separate reasons: (1) the number of pending dispositive motions to which Plaintiffs must

respond and the overlapping nature of the due dates, including Plaintiffs' response to the

previously filed motion filed on behalf of Rwanda, which is due August 1; (2) the number of

discrete issues involved in each motion; (3) the complexity of the issues involved in each

motion; and (4) the attorneys on Plaintiffs' team with primary responsibility for the issues

addressed in these motions have preplanned, nonrefundable international vacations booked

between now and the due dates for the response to the motions, while another attorney has

significant litigation conflicts, including a D.C. Circuit brief due on August 15, 2022.

July 28, 2022                                       Respectfully Submitted,

                                                    PERLES LAW FIRM, PC

                                                    */s/ Edward MacAllister*

                                                    Steven R. Perles (No. 326975)
                                                    Edward MacAllister (No. 494558)
                                                    816 Connecticut Ave.
                                                    12th Floor
                                                    Washington, DC 20006
                                                    Office: 202-955-9055
                                                    *Attorney for Plaintiffs*