# Exhibit 4




# Statement of Opinion

## I. Background

1. My name is Remy Niyibizi, I am an Advocate of the Rwandan Bar Association, admitted to practice in June 2009

2. I am a Partner and Managing Director of *Turris – Law Consultancy*, in Kigali, Rwanda. I was awarded a Bachelor's Degree in Law from the University of Rwanda in 2003, and a Post-Graduate Diploma in Legal Practice in 2019. I received a Masters degree in International and Comparative Environmental Law from the *Université de Limoges,* France in 2008.

3. I have received a request to provide a statement of opinion as regards the service of a summons in Rwanda. In particular, whether Rwandan Law prohibits service by a commercial carrier, dispatched from a court outside of Rwanda to an individual who is a defendant at his home or office, and signed for by a responsible adult at that location.

4. I *will* receive a general level of compensation from the attorney on the plaintiff's side, in regards to the creation of this statement of expert opinion.

## II. Summary of Rwandan Law on Service

5. In Rwanda, a summons is defined by the Law relating to Commercial, Civil, Labour and Administrative Procedures as amended by Law No. 025/2021 of 12/05/2021 (hereinafter the "Civil Act") as a procedural document issued by a court bailiff or any other authorized person to order any person whose presence is required at the haring to appear in court.[1]

6. In the Rwandan legal context, court summons or notification to a party to a case are done through a message sent by means of an electronic system. Where for technical, unforeseeable or other reasons, electronic systems cannot be used as a means of summoning, the service of summons is carried out through the competent court bailiff who serves the summons on the party for the party to appear in court. However, the Civil Act provides for special channels which may be available where the ones previously mentioned may not be applicable. The provision is as follows:

   Article 43 (Other means of service of summons)

   A summons may be served by sending its copy by registered mail with acknowledgement of receipt. Where the **post office** delivers a summons, the summoned party acknowledges receipt by signing and indicating the date of receipt. The period prescribed for the service

[1] Civil Act, Article 2.





(+250)788308412 | (+250)738308412 nremy@turris.rw www.turris.rw
CHIC Building, Room F016, Plot 1007 KN2 | Kigali - Rwanda

of summons runs from that moment.

7. Therefore, the use of any other mail delivery system/person as means of summoning cannot be considered as effective. Also, in spite of FedEx having among its social object the delivery of documents, it does not qualify as mode of summoning. For that reason, a summons issued by means of FedEx services shall not be viewed as law abiding. This is as important as law regarding judicial procedure are of a public order, hence, no party to a lawsuit can derogate to them. Consequently, it should be observed that the **post office** is the sole alternative mail delivery system/organ whose services are being called upon for the service of summons.

8. The Civil Act also provides for the procedure to be followed where a summons is at the attention of a party living abroad.

   Article 44 (Summoning a party living abroad)

   If the party has no known domicile or residence in Rwanda but has a known domicile or residence abroad, and when it is not possible to summon him/her through the electronic system, a copy of the summons is sent to his/her domicile or residence in a sealed envelope by registered mail with acknowledgement of receipt, and another copy is posted in a public place within the court premises as determined by the seized court and its summarized written form is posted at the seat of all Intermediate Courts for a period of two (2) months.

9. The assimilation outgrowing from the above is that, the adverse scenario is not envisaged by the Civil Act. Expressly, the laws and regulations in application in Rwanda are silent on the subject of the pathway, approach and process to be followed whenever a Rwandan resident is party to a case heard or to be heard by a judicial constituency located beyond the boundaries of the territory of Rwanda.

10. It is worth mentioning that the Civil Act herein referred to was drafted, considered and adopted in Ikinyarwanda[2] . Hence, the Kinyarwanda version that indicates the post office as the sole mail system accepted to deliver summons should be given consideration.

11. As regards the acknowledgement of receipt, the Civil Law provides as follows:

    Article 39 (Modalities for serving a summons)

    A summons is served by a court registrar throughout an electronic system at the address provided by the party or at his/her habitual address. In case summoning through electronic system is impossible, the summons is served by a court bailiff on the respondent in person or, in his/ her absence, at his/her residence or domicile, and handed to a person aged at least sixteen (16) years residing there.

    If the service of summons on the respondent in person or on the person referred to under

[2] Civil Act, Article 281



paragraph One of this Article is impossible, the summons may be handed to his/her employer who in turn serves it on him/her, to the Executive Secretary of the Cell or, failing that, to the Executive Secretary of the Sector after signing the original copy of the summons.

After local authorities sign the summons, they take all measures necessary to ensure the copy of the summons is delivered to the summoned party and is returned to the person having handed it to them. If the respondent has no known address in Rwanda while his/her residence is known, the summons is taken to his/her residence.

12. The cited provisions of the Civil Act demonstrate that the standard for service is not a practical one, that does place form over function. Laws regarding judicial procedure are of public order and, hence, do not allow any derogation by the party or courts.

**III. Legality of Summons Service from a Foreign Jurisdiction via FedEx or Commercial Carriers**

13. The cited provisions of the Civil Act necessarily apply only to proceedings before the Rwandan judiciary.
14. The relevant Law does not explicitly regulate the procedure for service of an individual in Rwanda from a foreign jurisdiction.
15. While Rwanda law does expressly speak to the procedure used when serving a defendant living abroad, it does not explicitly regulate the procedure for service of an individual in Rwanda from a foreign jurisdiction.
16. Additionally, there is no prohibition in Rwandan law on a responsible adult signing for a summons from a Rwandan Court on behalf of a defendant.
17. Under the Civil Act, if the defendant cannot be found at his residence or workplace, the summons from a Rwandan Court may be received and signed for by another person found there.
18. Specifically, the signature requirement for effective acknowledgement of receipt of a summons from a Rwandan Court includes signature by a person other than the defendant aged above sixteen years, when the person to whom the summons is destined cannot be found at his domicile, residence or workplace.

**Remy Niyibizi**
**Advocate**

**CURRICULUM VITAE**

**Names** : **Remy Niyibizi**

**Profession** : **Lawyer**

**Date of Birth** : 15.03.1977

**Nationality** : **Rwandan**

**Years of Experience** : **Fifteen (15) years in the legal profession**

**Education:**

| Qualification | School | Date |
|---|---|---|
| Bachelor of Laws (LLB) | National University of Rwanda | 1999 - 2003 |
| Professional Master's in International Environmental Law | Universite de Limoges | 2007-2008 |
| Post Graduate Diploma in Legal Practice | Institute of Legal Practice and Development | 2018-2019 |

**Memberships of professional Associations:**

- Rwanda Bar Association
- East African Law Society
- Rwanda Private Sector Federation
- Associate of the Chartered Institute of Arbitrators (ACiarb)

**Other Training:**

- Training on FIDIC Forms of Contracts
- Course on criminal procedure by International Brigdes to Justice
- Arbitration Courses



**Key Experience:**

NIYIBIZI Remy is a lawyer. He completed his Bachelor's degree in law in 2003, from National University of Rwanda and his Professional Master's degree in 2008 in International and Comparative Environmental Law from Université de Limoges in France.

He was from January 2006 to May 2009 in charge of Lobby and Advocacy in IMBARAGA Federation where he also managed programs on training of trainers on land law and served as legal adviser to the organization. He was involved, as a member of the National Steering Committee for Land Reform, in the monitoring of the implementation of the Strategic Plan for Land Use and Management, which had among other milestones, the systematic land registration. He was as well involved in the monitoring the Strategic Plan for Agriculture Transformation (PSTA).

He was, since June 2009 a member of the Kigali Bar Association and was, since February 2018, a Senior Associate at Trust Law Chambers.

He is now the Managing Partner of Turris, a Law and Consultancy Firm and is advising a number of firms in various domains including Corporate, IT, Construction and Environmental Sectors and in general litigation.

**Employment Record:**

2021: Managing Partner – Turris Law & Consultancy

2018: Senior Associate - Trust Law Chambers

2015: Legal Advisor and Company Secretary of Ultimate Concepts Ltd, Owner of Kigali Convention Centre.

2009: Advocate, member of the Kigali Bar Association;

2006: Lobby and Advocacy Officer at IMBARAGA Federation.

**Languages:**

| Language | Speaking | Reading | Writing |
|---|---|---|---|
| English | Excellent | Excellent | Excellent |
| French | Excellent | Excellent | Excellent |
| Swahili | Excellent | Excellent | Excellent |
| Kinyarwanda | Excellent | Excellent | Excellent |

**Key Experience**

- Disputes settlement: Court litigation, Arbitration and Mediation
- Contract law – Drafting, negotiation and review for various clients.
- ICT Laws – Drafting and advising on different aspects of ICT related laws.
- Environmental Law: Advising clients on regulatory aspects of their businesses.
- Corporate Law: Drafting, review, advising on different aspects of corporate law.

**Writings**

- La Problématique de la Protection des Consommateurs dans le commerce éléctronique, Memoire, UNR, Rwanda, 2004.
- Le Principe de Précaution dans le commerce international du Rwanda, These, Université de Limoges, France, 2008.

**Certification:**

I, the undersigned, certify that to the best of my knowledge and belief, this CV correctly describes myself, my qualifications, and my experience.

**Done on 07th September 2022**

**Remy Niyibizi**