# Exhibit 5

## OPINION ON SERVICE OF A FOREIGN SUMMONS IN CIVIL PROCEEDINGS IN RWANDA

### Introduction

1. My name is Iain Edwards. I am a barrister at the Bar of England and Wales, practising from 1MCB Chambers, 5 Chancery Lane, London WC2A 1LG. I was called to the Bar in October 2000. I specialise in international criminal law and the criminal law of England and Wales. I have an LL.B. degree in English law, French law and French language from the University of East Anglia (1996), and an LL.M. degree in public international law from University College London (1999).

2. Since March 2009, I have had an interest in Rwandan law. This interest was kindled by virtue of my defence work in three cases before the UN International Criminal Tribunal for Rwanda (as it then was). Thereafter, between October 2010 and December 2013, I co-defended Victoire Ingabire, who sought to run in the 2010 presidential election, in Kigali with a Rwandan lawyer. I represented another defendant before the ICTR's successor tribunal, the International Residual Mechanism for Criminal Tribunals, on charges of contempt of court. I continue to represent another Rwandan client before the IRMCT following the completion of his sentence.

3. In the UK, I represented a client whose extradition was sought from the UK to Rwanda for trial on allegations of genocide and related crimes. Extradition was successfully resisted and I continue to represent him in what we expect to be criminal proceedings in respect of those same charges in the UK under the universal jurisdiction doctrine.

4. I have endeavoured to remain abreast of developments in Rwandan criminal and civil law, both substantive and procedural. I am familiar with the Rwandan *Law relating to the civil, commercial, labour and administrative procedure* (Law Nᵒ· 22/2018

of 29 April 2018,[1] hereafter, "Procedure Law"), as amended by Law N°. 025/2021 of 12 May 2021.[2]

**Instructions**

5.   Edward B. MacAllister of Perles Law Firm PC instructed me to "review a legal question of Rwandan law" in the context of the case of *Rusesabagina v. Republic of Rwanda* before the United States District Court for the District of Columbia. I have been asked to consider the issue of service of summons in Rwanda under Rwandan law. In particular, I have been asked to analyse whether Rwandan law prohibits service of a foreign summons by FedEx, dispatched from a court outside of Rwanda, to an individual who is a defendant/respondent at his or her home or place of work, and signed for by a responsible adult at that location.

6.   This issue necessarily touches on how the Procedure Law would apply in the context of service of a Rwandan person from a foreign jurisdiction. It is worth mentioning that nothing in the amending Law N°. 025/2021 impacts on the provisions of the Procedure Law insofar as the issue on which I have been asked to comment is concerned.

7.   I have not asked for, or received, or expect to receive, any remuneration for the provision of this Opinion.

**Analysis**

8.   Article 1 of the Procedure Law sets out its purpose:

> This Law governs the civil, commercial, labour and administrative procedure. It also governs the procedure applicable to other cases in the event such procedure is not governed by any other specific laws except where the provisions of this Law cannot apply to such other cases.

---

[1] https://www.rwandabar.org.rw/attached_pdf/Law_relating_to_the_Civil,_Commercial,_Labour,_and_Administrative_Procedure_(CPCCSA)-1614248406.pdf
[2] https://gazettes.africa/archive/rw/2021/rw-government-gazette-dated-2021-05-17-no-18.pdf

9. The Procedure Law applies exclusively to proceedings before the Rwandan civil courts. Its provisions relating specifically to the service of a summons are contained in Chapter II: Summons and Serving Summons on Parties, in Articles 34-52. I annex these provisions hereto. Article 2(6) of the Procedure Law defines a summons as:

> a procedural document issued by a court bailiff or any other authorized person to order any person whose presence is required at the hearing to appear in court.

It is noteworthy that not only does the Procedure Law deal exclusively with the procedure for service of a Rwandan summons in the context of proceedings before the Rwandan civil courts, it is silent on the notion of a foreign summons.

10. Provision is made in Article 44 for the summoning of a party to proceedings before the Rwandan civil courts who is living abroad:

> If the party has no known domicile or residence in Rwanda but has a known domicile or residence abroad, and when it is not possible to summon him/her through the electronic system, a copy of the summons is sent to his/her domicile or residence in a sealed envelope by registered mail with acknowledgment of receipt, and another copy is posted in a public place within the court premises as determined by the seised court and its summarized written form is posted at the seats of all Intermediate Courts for a period of two (2) months.

The references to "the electronic system",[3] "the court premises as determined by the seised court" and "all Intermediate Courts" serve to reinforce the conclusion that the procedure provided for relates to proceedings before the Rwandan civil courts.

11. To my knowledge, there is no other Rwandan law that prescribes or proscribes any means by which a foreign summons may be served.

12. This silence would not provide a legitimate basis to defeat a good faith and reasonable attempt to serve a foreign summons on a would-be

---

[3] First referred to in Article 20 of the Procedure Law (in French, "*le système électronique autorisé*"); the electronic system is also mentioned in Articles 34, 39, 42, 47-49, 51 and 89.

defendant/respondent in Rwanda. It is self-evidence that, were such an argument to succeed, any and all potential defendants/respondents domiciled and/or resident in Rwanda would be insulated from foreign civil claims. I do not understand Rwandan law to adopt such an extreme posture on this matter. Therefore, in my opinion, Rwandan law does not prohibit any means of serving a foreign summons that may be valid in the jurisdiction of the issuing court.

## Conclusion

13. To conclude, it is my opinion that Rwandan law does not prohibit service of a foreign summons by FedEx, dispatched from a court outside of Rwanda, on a defendant/respondent. Further, while Rwandan law is completely silent as to the procedures for serving a foreign summons, serving a summons on an individual who is a defendant/respondent at his or her place of work, and having a summons served on, and signed for, by a responsible adult at that location are familiar concepts in Rwandan service procedure.[4]

Iain Edwards

7 September 2022

The Hague, Netherlands

I declare under penalty of perjury under the laws of the United States of America that

---

[4] Articles 39, 41 and 42 of the Procedure Law.

the foregoing is true and correct.

Executed on 7 September 2022

_____

Iain Edwards

# **Appendix 1**

*Official Gazette nᵒ Special of 29/04/2018*

# *Ibirimo/Summary/Sommaire*         *page/urup.*

## *Itegeko / Law / Loi*

**Nᵒ 22/2018 ryo ku wa 29/04/2018**
Itegeko ryerekeye imiburanishirize y'imanza z'imbonezamubano, iz'ubucuruzi, iz'umurimo n'iz'ubutegetsi…………………………………………………………2

**Nᵒ 22/2018 of 29/04/2018**
Law relating to the civil, commercial, labour and administrative procedure……...2

**Nᵒ 22/2018 du 29/04/2018**
Loi portant code de procédure civile, commerciale, sociale et administrative…....2

| | | |
|---|---|---|
| **ITEGEKO Nº 22/2018 RYO KU WA 29/04/2018 RYEREKEYE IMIBURANISHIRIZE Y'IMANZA Z'IMBONEZAMUBANO, IZ'UBUCURUZI, IZ'UMURIMO N'IZ'UBUTEGETSI** | **LAW Nº 22/2018 OF 29/04/2018 RELATING TO THE CIVIL, COMMERCIAL, LABOUR AND ADMINISTRATIVE PROCEDURE** | **LOI Nº 22/2018 DU 29/04/2018 PORTANT CODE DE PROCEDURE CIVILE, COMMERCIALE, SOCIALE ET ADMINISTRATIVE** |
| **Twebwe, KAGAME Paul,** Perezida wa Repubulika; | **We, KAGAME Paul,** President of the Republic; | **Nous, KAGAME Paul,** Président de la République; |
| **INTEKO ISHINGA AMATEGEKO YEMEJE, NONE NATWE DUHAMIJE, DUTANGAJE ITEGEKO RITEYE RITYA KANDI DUTEGETSE KO RYANDIKWA MU IGAZETI YA LETA YA REPUBULIKA Y'U RWANDA** | **THE PARLIAMENT HAS ADOPTED AND WE SANCTION, PROMULGATE THE FOLLOWING LAW AND ORDER IT BE PUBLISHED IN THE OFFICIAL GAZETTE OF THE REPUBLIC OF RWANDA** | **LE PARLEMENT A ADOPTÉ ET NOUS SANCTIONNONS, PROMULGUONS LA LOI DONT LA TENEUR SUIT ET ORDONNONS QU'ELLE SOIT PUBLIÉE AU JOURNAL OFFICIEL DE LA RÉPUBLIQUE DU RWANDA** |
| **INTEKO ISHINGA AMATEGEKO:** | **THE PARLIAMENT:** | **LE PARLEMENT :** |
| Umutwe w'Abadepite, mu nama yawo yo ku wa 25 Mata 2018; | The Chamber of Deputies, in its session of 25 April 2018; | La Chambre des Députés, en sa séance du 25 avril 2018; |
| Ishingiye ku Itegeko Nshinga rya Repubulika y'u Rwanda ryo mu 2003 ryavuguruwe mu 2015, cyane cyane mu ngingo zaryo, iya 61, iya 64, iya 69, iya 70, iya 88, iya 90, iya 91, iya 93 iya 106, iya 120, iya 151 n'iya 176; | Pursuant to the Constitution of the Republic of Rwanda of 2003 revised in 2015, especially in Articles 61, 64, 69, 70, 88, 90, 91, 93, 106, 120, 151 and 176; | Vu la Constitution de la République du Rwanda de 2003 révisée en 2015, spécialement en ses articles 61, 64, 69, 70, 88, 90, 91, 93, 106, 119, 120, 151 et 176; |

| | | |
|---|---|---|
| Isubiye ku itegeko n° 21/2012 ryo ku wa 14/06/2012 ryerekeye imiburanishirize y'imanza z'imbonezamubano, iz'ubucuruzi, iz'umurimo n'iz'ubutegetsi; | Having reviewed Law n° 21/2012 of 14/06/2012 relating to the civil, commercial, labour and administrative procedure; | Revu la Loi n° 21/2012 du 14/06/2012 portant code de procédure civile, commerciale, sociale et administrative; |
| **YEMEJE:** | **ADOPTS:** | **ADOPTE:** |
| **INTERURO YA MBERE: INGINGO Z'IBANZE** | **TITLE ONE: PRELIMINARY PROVISIONS** | **TITRE PREMIER: DISPOSITIONS PRELIMINAIRES** |
| **Ingingo ya mbere: Icyo iri tegeko rigamije** | **Article One: Purpose of this Law** | **Article premier: Objet de la présente loi** |
| Iri tegeko rigenga imiburanishirize y'imanza z'imbonezamubano, iz'ubucuruzi, iz'umurimo n'iz'ubutegetsi. Ni na ryo rigenga imiburanishirize y'izindi manza mu gihe nta yandi mategeko yihariye agenga iyo miburanishirize keretse mu gihe ibiteganywa n'iri tegeko bidashobora gukoreshwa mu zindi manza. | This Law governs the civil, commercial, labour and administrative procedure. It also governs the procedure applicable to other cases in the event such procedure is not governed by any other specific laws except where the provisions of this Law cannot apply to such other cases. | La présente loi régit la procédure en matière civile, commerciale, sociale et administrative. Elle constitue également à l'égard des autres matières non soumises à une procédure prévue par des lois spéciales, le droit commun de la procédure, sauf dans les cas où les dispositions de la présente loi ne peuvent s'appliquer à d'autres matières. |
| **Ingingo ya 2: Ibisobanuro by'amagambo** | **Article 2: Definitions** | **Article 2: Définitions** |
| Muri iri tegeko, amagambo akurikira afite ibisobanuro bikurikira: | As used in this Law, the following terms have the meanings ascribed to them below : | Aux fins de la présente loi, les termes repris ci-après, ont les significations suivantes: |
| 1° **amategeko ndemyagihugu:** urusobe rw'amahame agenga uburyo bw'imibereho muri sosiyete ashyirwaho hagamijwe inyungu rusange ababuranyi badashobora | 1° **public order :** a set of rules governing life in society that are set out for reasons of public interest and from which parties cannot mutually agree to derogate ; | 1° **ordre public:** ensemble de règles régissant la vie en société et édictées dans l'intérêt général et au regard desquelles les parties ne peuvent s'entendre pour y déroger ; |

| | | |
|---|---|---|
| by'umuburanyi. Icyakora abasangiye inyungu mu rubanza batanga ibirego byabo mu mwanzuro umwe, bagatanga ingwate y'amagarama imwe. | proceedings on his/her own behalf. However, persons with shared interests in a case file their claims in one motion instituting proceedings and pay only one filing fee. | obligations des parties à l'instance. Toutefois, les personnes ayant un intérêt collectif dans un procès introduisent conjointement leurs demandes au moyen des mêmes conclusions et sous une unique  consignation de frais de justice. |
| Ibivugwa mu gika cya mbere cy'iyi ngingo binareba abazungura cyangwa abibumbiye hamwe baregera mu rubanza rumwe ikirego kimwe. | The provisions of paragraph One of this Article also apply in case of successors or members of associations who file a joint claim. | Les dispositions de l'alinéa premier du présent article s'appliquent également en cas de demande conjointe de successeurs ou de membres d'associations.. |
| Uregwa umutungo asangiye n'abandi, afite inshingano zo kugaragaza abandi bawusangiye. | A person against whom a claim is filed with respect to jointly owned property has the obligations to indicate his/her co-owners. | En cas de la co-propriété, le défendeur a l'obligation de déclarer ses co-copropriétaires. |
| Iyo ikiburanwa gisangiwe n'abantu benshi, urega afite inshingano zo kubagobokesha. | If the subject-matter is jointly owned by many persons, the claimant has the obligation to seek their intervention. | Si la propriété faisant l'objet du litige tombe dans la co-propriété, le demandeur requiert l'intervention forcée des co-propriétaires. |
| **UMUTWE WA II: GUHAMAGARWA KW'ABABURANYI NO KUBIBAMENYESHA** | **CHAPTER II: SUMMONS AND SERVING SUMMONS ON PARTIES** | **CHAPITRE II: ASSIGNATION ET SIGNIFICATION DES PARTIES** |
| **Ingingo ya 34: Ihamagara cyangwa imenyesha ry'umuburanyi** | **Article 34: Summons or notice to a party** | **Article 34: Assignation ou notification de la partie** |
| Guhamagaza cyangwa kumenyesha umuburanyi bikorwa n'urukiko hakoreshejwe ubutumwa butanzwe mu buryo bw'ikoranabuhanga. Iyo bidashoboka, | The court summons or notifies a party to the case through a message sent by means of electronic system. Where it is not possible, the service of summons is carried out through the | L'assignation ou la notification de la partie est faite par la juridiction à travers un message envoyé par voie de système électronique. En cas d'impossibilité, l'assignation d'une partie |

| | | |
|---|---|---|
| inyandiko ihamagara umuburanyi inyuzwa ku muhesha w'inkiko wabiherewe ububasha igashyikirizwa umuburanyi kugira ngo yitabe urukiko. | competent court bailiff who serves the summons on the party for the party to appear in court. | à comparaître devant la juridiction lui est signifiée par un huissier compétent. |
| **Ingingo ya 35: Ibyangombwa mu kwandika ihamagara** | **Article 35: Requirements for drawing up a summons** | **Article 35: Conditions pour rédiger une assignation** |
| Umuburanyi wese ushaka guhamagaza undi mu rubanza abigaragaza mu mwanzuro uregera urukiko ugaragaza n'ibyangombwa byose byerekeranye n'umwirondoro wuzuye, aho abarizwa harimo *e-mail* na nimero ya telefoni by'uwo ashaka guhamagaza. | Any party wishing to have another party summoned to appear in court indicates it in the submission instituting proceedings which indicates his/her full identity, his/her address including e-mail and telephone number of the person to be summoned. | Toute partie à l'instance qui veut faire assigner une autre partie l'indique dans les conclusions présentées à la juridiction indiquant l'identité et l'adresse complètes de la personne qu'elle veut faire assigner y compris son courrier électronique et son numéro de téléphone. |
| **Ingingo ya 36  Uburyo bw'ihamagara ryihariye** | **Article 36: Procedure for special summons** | **Article 36: Procédures particulières d'assignation** |
| Aba bakurikira bahamagazwa mu buryo bukurikira: | The following persons are summoned through the following procedure: | Les personnes suivantes sont assignées comme suit: |
| 1° mu rubanza ruregwamo Leta, hahamagazwa Intumwa Nkuru ya Leta mu izina rya Leta; | 1° in a case where the Government is the respondent, the Attorney General is summoned on behalf of the Government; | 1° dans une instance administrative dans laquelle l'Etat est le défendeur, le Garde des Sceaux est assigné au nom de l'Etat; |
| 2° mu rubanza ruregwamo Umuji wa Kigali, hahamagazwa Umuyobozi w'Umuji wa Kigali, mu izina ryawo; | 2° in a case where the City of Kigali is the respondent, the Mayor is summoned on behalf of the City of Kigali; | 2° dans une instance administrative dans laquelle la Ville de Kigali est le défendeur, le Maire de la Ville de Kigali est assigné au nom de  la Ville de Kigali; |

| | | |
|---|---|---|
| 3° mu rubanza ruregwamo Akarere, hahamagazwa Umuyobozi w'Akarere mu izina ryako; | 3° in a case where the District is the respondent, the Mayor is summoned on behalf of the District; | 3° dans une instance administrative dans laquelle le District est le défendeur, le Maire est assigné au nom du District; |
| 4° mu rubanza ruregwamo ibigo bya Leta bifite ubuzima gatozi, hahamagazwa ababihagarariye mu izina ryabyo; | 4° in a case where public entities with legal personality are respondents, their representatives are summoned on their behalf; | 4° dans une instance administrative dans laquelle les entités dotés de la personnalité juridique sont défendeurs, leurs représentants sont assignés en leur nom; |
| 5° mu rubanza ruregwamo ibigo, sosiyete n'imiryango bitari ibya Leta bifite ubuzima gatozi hahamagazwa ababihagarariye mu izina ryabyo; | 5° in a case where private corporations, companies and organisations with legal personality are respondents, their representatives are summoned on their behalf; | 5° dans une instance administrative dans laquelle des établissements privés dotés de la personnalité juridique sont des défendeurs, leurs représentants légaux sont assignés en leur nom; |
| 6° mu manza ziregwamo abahombye, hahamagazwa Abashinzwe gucunga igihombo mu izina ry'abahombye; | 6° in cases where bankrupts are respondents, receivers are summoned on their behalf; | 6° dans des instances dans lesquelles les faillis sont défendeurs, les curateurs de faillite sont assignés au nom des faillis ; |
| 7° mu manza ziregwamo amashyirahamwe, ibigo n'imiryango bidafite ubuzima gatozi hahamagazwa abayobozi babyo mw'izina ry'ababigize. | 7° in cases where associations, corporations and organisations without legal personality are respondents, their leaders are summoned on behalf of their members. | 7° dans des instances dans lesquelles les associations et entités non dotées de la personnalité juridique sont des défendeurs, les dirigeants sont assignés aux noms de ces entités et associations. |
| **Ingingo ya 37: Kugaragaza uruhare rw' umuburanyi** | **Article 37: Determination of the party's capacity** | **Article 37: Mention de la qualité d'une partie** |
| Igihe umuburanyi atarega mu izina rye cyangwa uregwa atatumijwe ku giti cye, | In case a party is not suing on his/her behalf or the respondent is not summoned in his/her | Lorsque le demandeur n'agit pas en son nom personnel ou lorsque le défendeur n'est pas assigné en son nom personnel, l'assignation |

| | | |
|---|---|---|
| ihamagara rigaragaza uruhare afite mu rubanza. | own name, the summons specifies the capacity in which he/she appears in court. | mentionne la qualité en vertu de laquelle il apparaît au procès. |
| **Ingingo ya 38: Kumenyesha ababuranyi benshi ihamagara** | **Article 38: Service of summons on several persons** | **Article 38: Assignation destinée à plusieurs personnes** |
| Ihamagara rigenewe ababuranyi benshi batangiye ikirego hamwe rimenyeshwa ubahagarariye. | A summons meant for several persons having filed a joint claim is served on their representative. | L'assignation destinée à plusieurs parties ayant introduit une action collective est signifiée à leur représentant. |
| Iyo ababuranyi benshi batatangiye ikirego hamwe, buri muburanyi amenyeshwa ukwe. | When several parties have not filed a joint claim, the summons is served on each of them. | En cas de plusieurs parties n'ayant pas introduit une action collective, l'assignation est individuellement faite. |
| **Ingingo ya 39: Uburyo ihamagara rikorwa** | **Article 39: Modalities for serving a summons** | **Article 39: Modalités de signification d'une assignation** |
| Ihamagara rikorwa n'umwanditsi w'urukiko mu buryo bw'ikoranabuhanga kuri aderesi yatanzwe n'umuburanyi cyangwa iyo asanzwe abarizwaho. Iyo uburyo bw'ikoranabuhanga budashoboste, urwandiko ruhamagara rutangwa n'umuhesha w'inkiko rugahabwa umuburanyi ubwe, yabura rugashyirwa iwe mu rugo cyangwa mu icumbi rye, rugashyikirizwa umuntu uhaba ufite nibura imyaka cumi n'itandatu (16) y'amavuko. | A summons is served by a court registrar throughout an electronic system at the address provided by the party or at his/her habitual address. In case summoning through electronic system is impossible, the summons is served by a court bailiff on the respondent in person or, in his/ her absence, at his/her residence or domicile, and handed to a person aged at least sixteen (16) years residing there. | Une assignation est signifiée par le greffier à travers le système électronique sur l'adresse donnée par la partie ou à la résidence habituelle de celle-ci. Si la signification à travers le système électronique s'avère impossible, l'assignation est signifiée par un huissier à la personne du défendeur ou à défaut, remise à son domicile ou à sa résidence, à une personne qui y réside âgée de seize (16) ans au moins. |
| Iyo kurushyikiriza uregwa ubwe cyangwa umuntu wavuzwe mu gika cya mbere cy'iyi ngingo binaniranye, urwandiko ruhamagara | If the service of summons on the respondent in person or on the person referred to under paragraph One of this Article is impossible, | A défaut de signification à la personne du défendeur ou à la personne désignée à l'alinéa premier du présent article, l'assignation peut |

| | | |
|---|---|---|
| rushobora gusigirwa umukoresha we nawe akarumushyikiriza, umunyamabanga nshingwabikorwa ku rwego rw'Akagari, byananirana rugasigirwa umunyamabanga nshingwabikorwa w'Umurenge amaze gushyira umukono ku nyandiko y'umwimerere y'iryo hamagara. | the summons may be handed to his/her employer who in turn serves it on him/her, to the Executive Secretary of the Cell or, failing that, to the Executive Secretary of the Sector after signing the original copy of the summons. | être remise, moyennant signature de l'original, à son employeur pour le remettre à la personne, au Secrétaire Exécutif de Cellule, ou à défaut, au Secteur Exécutif du Secteur de l'assigné. |
| Iyo abayobozi b'inzego z'ibanze bamaze gushyira umukono ku rwandiko ruhamagara, bageza kopi yarwo kuri nyir'uguhamagarwa kandi igasubizwa uwayibagejejeho. | After local authorities sign the summons, they take all measures necessary to ensure the copy of the summons is delivered to the summoned party and is returned to the person having handed it to them. | Après signature de l'original, les autorités des instances de base font parvenir à la personne assignée la copie de l'assignation et celle-ci est retournée à la personne leur en ayant fait remise. |
| Iyo uregwa atagira aho atuye mu Rwanda hazwi, ariko aho aba hazwi, urwo rwandiko rushyirwa aho aba. | If the respondent has no known address in Rwanda while his/her residence is known, the summons is taken to his/her residence. | Lorsque le défendeur n'a pas le domicile connu au Rwanda, mais a la résidence connue, l'assignation est faite à sa résidence. |
| **Ingingo ya 40: Kwanga kwakira kopi y'ihamagara, kwanga gushyira umukono ku rwandiko rw'ihamagara rw'umwimerere no kwanga kuyishyikiriza uwo igenewe** | **Article 40: Refusal to receive a copy of summons, to sign original summons and submit it to the summoned person** | **Article 40 : Refus de recevoir la copie d'assignation ou d'apposer la signature sur cette dernière** |
| Kwanga kwakira kopi y'ihamagara, kwanga gushyira umukono ku rwandiko rw'ihamagara rw'umwimerere no kwanga kuyishyikiriza uwo igenewe bikozwe n'umunyamabanga nshingwabikorwa w'Umurenge cyangwa w'Akagari bihanishwa ihazabu mbonezamubano y'amafaranga y'u Rwanda atari munsi y'ibihumbi ijana (100.000) ariko | The Executive Secretary of the Sector or Cell who refuses to receive a copy of summons or sign an original copy of summons and hand it to the person to the summoned person is liable to a civil fine of not less than a hundred thousand (100,000) Rwandan francs and not more than two hundred thousand (200,000) Rwandan francs which is determined by an | Le refus de recevoir la copie d'assignation ou d'apposer la signature sur l'original de l'assignation ou le refus de faire parvenir au destinataire la copie de l'original fait par le Secrétaire Exécutif de Secteur ou le Secrétaire Exécutif de Cellule est puni d'une amende civile d'au moins cent mille (100.000) francs rwandais mais ne dépassant pas deux cent |

| | | |
|---|---|---|
| atarenze ibihumbi magana abiri (200.000) agenwa n'icyemezo cya perezida w'urukiko, bimaze gutangirwa raporo n'umwanditsi w'urukiko. | order of the president of the court after a report thereon submitted by the court registrar. | mille (200.000) francs rwandais déterminée par une ordonnance du président de la juridiction, sur base du rapport du greffier. |
| Ihazabu ivugwa mu gika cya mbere cy'iyi ngingo ntibuza utakoze ibiteganywa muri icyo gika kuba yacibwa indishyi z'akababaro zikwiye umuburanyi byagizeho ingaruka mu gihe abiregeye murundi rubanza. | The fine provided under paragraph One of this Article does not relieve a person who fail to comply with the provisions of this paragraph from the liability to pay adequate damages to the aggrieved party in case such a party files a claim in a separate case. | L'amende visée à l'alinéa premier du présent article n'empêche pas que la partie ayant failli aux dispositions de cet alinéa d'être condamnée au payement de dommages-intérêts dus à la partie lésée, au cas où cette dernière en fait une requête dans une demande séparée. |
| Ihazabu ivugwa mu gika cya mbere cy'iyi ngingo icibwa na perezida w'urukiko ni icyemezo cy'ubuyobozi. | The fine provided under paragraph One of this Article that is ordered by the president of the court is an administrative decision. | L'amende visée à l'alinéa premier du présent article ordonnée par le président de la juridiction est une décision administrative. |
| **Ingingo ya 41: Ibisobanuro by'aho umuntu atuye n'aho aba** | **Article 41: Meaning of "domicile" and "residence"** | **Article 41: Définition du domicile et de la résidence** |
| Muri iri tegeko, aho umuntu atuye bisobanura ahantu yandiste mu bitabo by'irangamimerere cyangwa aho yahisemo kujya abarizwa. | As used in this Law, the term "domicile" means the place where a person is registered in civil registers or address where he/she choses to be accessed. | Au sens de la présente loi, il faut entendre par domicile, le lieu où une personne est inscrite au registre de l'état civil ou le lieu où elle a élu domicile. |
| Aho umuntu aba ni ahantu umuntu atuye kubera imirimo akora cyangwa se kubera izindi mpamvu ariko atariho yandiste mu bitabo bimuranga. | The term "residence" means any other place where a person lives because of his/her duties or any other reason without his/her being registered in civil registers of such a place. | Il faut entendre par résidence, tout autre lieu où une personne a son établissement par suite de ses activités ou toute autre raison mais elle n'y est pas inscrite au registre de l'état civil. |

*Official Gazette nº Special of 29/04/2018*

| | | |
|---|---|---|
| **Ingingo ya 42: Ibisabwa mu gushyikiriza ihamagara** | **Article 42: Formalities as to the service of summons** | **Article 42: Mentions à respecter en cas de remise d'assignation** |
| Iyo ihamagara rikoreshejwe ikoranabuhanga ridashoboka, urwandiko ruhamagara na kopi yarwo zandikwamo izina ry'uwashyikirijwe ihamagara n'isano afitanye n'uregwa. Iyo kopi idashoboye gutangwa, impamvu yabyo yandikwa ku rwandiko ruhamagara na kopi yarwo. | If the service of summons through electronic system is impossible, the name of the person having received the summons and his/her relationship with the respondent must be indicated on the summons and its copy. If the copy is not served, the reasons therefor are indicated on the summons and its copy. | Lorsque l'usage de la voie du système électronique est impossible, il est fait mention tant à l'original qu'à la copie de l'assignation, des noms de la personne qui l'a reçue et ses relations avec le défendeur. Si la copie n'a pas été remise, les motifs sont indiqués sur l'original ainsi qu'à cette copie. |
| Urwandiko ruhamagara na kopi yarwo byandikwaho itariki kopi itangiweho n'umwirondoro w'umenyesha ihamagara n'uwo ari we kandi akazishyiraho umukono. | The original and copy of a summons indicate the date of service, the identity and capacity of the person serving the summons and are signed by him/her. | L'original et la copie de l'assignation mentionnent la date de signification ainsi que l'identité et la qualité de celui qui procède à la signification et sont signés par lui. |
| **Ingingo ya 43: Ubundi buryo bw'itangwa ry'ihamagara** | **Article 43: Other means of service of summons** | **Article 43: Autres modes de signification d'assignation** |
| Ihamagara rishobora kumenyeshwa bohereje kopi y'ihamagara mu ibahasha ishinganye mu iposita kandi igatanga icyemezo cy'uko yakiriwe. | A summons may be served by sending its copy by registered mail with acknowledgment of receipt. | L'assignation peut aussi être signifiée par l'envoi de sa copie, par voie recommandée à la poste contre récépissé. |
| Iyo iposita ishyikirije ihamagara umuburanyi asinyira ko aribonye n'itariki ariboneyeho. Iminsi y'ihamagarwa itangira kubarwa uhereye icyo gihe. | Where the post office delivers a summons, the summoned party acknowledges receipt by signing and indicating the date of receipt. The period prescribed for the service of summons runs from that moment. | Lorsque la poste remet l'assignation à la partie assignée, cette dernière signe pour réception et mentionne la date de réception. Le délai d'assignation commence à courir à partir de ce moment. |

| | | |
|---|---|---|
| **Ingingo ya 44: Ihamagara ry'umuburanyi uba mu mahanga** | **Article 44: Summoning a party living abroad** | **Article 44: Assignation d'une partie résidant ou domicilié à l'étranger** |
| Umuburanyi udafite aho atuye cyangwa aho aba hazwi mu Rwanda ariko afite ahandi atuye cyangwa aba hazwi mu mahanga, kandi adashobora guhamagarwa hakoreshejwe ikoranabuhanga, yohererezwa kopi y'ihamagara aho atuye cyangwa aba mu ibahasha ifunze kandi ishinganye mu iposita itangiwe icyemezo ko yakiriwe, indi kopi ikamanikwa ahantu hagaragara hagenwe n'Urukiko rwaregewe mu kibanza cyarwo kandi n'inyandukuro yayo mu magambo ahinnye ikamanikwa aho Inkiko Zisumbuye zose zikorera, mu gihe cy'amezi abiri (2). | If the party has no known domicile or residence in Rwanda but has a known domicile or residence abroad, and when it is not possible to summon him/her through the electronic system, a copy of the summons is sent to his/her domicile or residence in a sealed envelope by registered mail with acknowledgment of receipt, and another copy is posted in a public place within the court premises as determined by the seised court and its summarized written form is posted at the seats of all Intermediate Courts for a period of two (2) months. | Une partie n'ayant ni domicile ni résidence connue au Rwanda mais ayant un domicile ou une résidence connue à l'étranger et ne pouvant pas être assignée par voie de système électronique est assignée par voie d'expédition à son domicile ou sa résidence d'une copie d'assignation délivrée sous pli fermé et recommandé à la poste et sous condition d'accusée de réception et dont une autre copie est affichée à un endroit public déterminé par la juridiction saisie dans son enceinte et un extrait est affiché aux valves des sièges de tous les Tribunaux de Grande Instance pendant deux (2) mois. |
| **Ingingo ya 45: Ihamagara ry'umuburanyi udafite aho atuye cyangwa aho aba hazwi** | **Article 45: Summoning a party with unknown domicile or residence** | **Article 45: Assignation d'une partie sans domicile ou résidence connues** |
| Iyo umuburanyi adafite aho atuye cyangwa aho aba hazwi, umwanditsi w'urukiko amuhamagara akoresheje uburyo bw'imenyesharuhame. | If the respondent has unknown domicile or residence, the court registrar summons him/her through service by publication. | Si la partie assignée n'a ni domicile ni résidence connue, elle est assignée par le greffier au moyen de la signification par voie d'avis public. |
| **Ingingo ya 46: Imenyesharuhame** | **Article 46: Service by publication** | **Article 46: Signification de l'assignation par avis public** |
| Imenyesharuhame rikorwa mu buryo bwo kumanika kopi y'ihamagara ahantu hagaragara hagenwe n'Urukiko rwaregewe | Service by publication is made by posting a copy of a summons in a public place within the court premises as determined by the seised | La signification d'une assignation par avis public se fait par l'affichage d'une copie de l'assignation dans un endroit public déterminé |

| | | |
|---|---|---|
| mu kibanza cyarwo n'aho Inkiko Zisumbuye zose zikorera, mu gihe cy'amezi abiri (2). | court and at the seats of all Intermediate Courts for a period of two (2) months. | par la juridiction saisie dans son enceinte et aux valves des sièges de tous les Tribunaux de Grande Instance pendant une période de deux (2) mois. |
| Ibivugwa mu gika cya mbere cy'iyi ngingo bijyana no gutangaza icyemezo cya Perezida w'Urukiko gitegeka uwarezwe kwitaba Urukiko mu gihe giteganyijwe, akanasabwa kugaragaza umurongo wa interineti azajya amenyesherezwaho ibijyanye n'urubanza rwe. | The provisions of paragraph One of this Article are accompanied by the publication of an order of the president of the court compelling the respondent to appear in court within a specified period and specify the e-mail to serve as the communication channel with regard to his/her case. | Les dispositions de l'alinéa premier du présent article s'accompagnent de la publication d'une ordonnance du Président de la juridiction enjoignant le défendeur de comparaître dans le délai li imparti et lui ordonnant d'indiquer son e-mail pour servir comme le moyen de communication en rapport avec l'instance. |
| Icyemezo gitangazwa ku rubuga rw'urwego rw'ubucamanza, ku rubuga rw'imanza zirangizwa, ndetse no mu kindi kinyamakuru cyagenwe na Perezida w'Urukiko. | The order is published on the website of the judiciary, on the website on which cases to be executed are posted as well as in any other newspaper determined by the president of the court. | L'ordonnance est publiée au site web de l'organe judiciaire, au site web des jugements à exécuter et dans un autre journal désigné par le Président de la juridiction. |
| Perezida w'Urukiko ashobora gutegeka ko itangazo rikorwa mu bundi buryo bubereye nko gukoresha radio, televiziyo cyangwa irindi koranabuhanga. | The president of the court may order that service by publication be carried out through any other appropriate means such as radio, television or any other electronic means. | Le Président de la juridiction peut ordonner que la publication se fasse par tout autre moyen approprié, notamment par l'annonce à la radio et à la télévision ou par tout autre procédé électronique. |
| Itangazwa ry'icyemezo rikorwa mu Kinyarwanda. Icyakora, rishobora no gukorwa mu rundi rurimi rwemewe mu butegetsi iyo bibaye ngombwa. | The publication of the order is made in Ikinyarwanda. However, it may be made in any other official language where necessary. | La publication de l'ordonnance est faite en Kinyarwanda. Cependant, elle peut être faite dans une autre langue officielle, en cas de besoin. |

| **Ingingo ya 47: Imenyesha ku mashyirahamwe, imiryango n'ibigo bifite cyangwa bidafite ubuzima gatozi** | **Article 47: Service of a summons on associations, organisations and corporations with or without legal personality** | **Article 47: Signification d'assignation aux associations, organisations et établissements dotés ou non dotés de la personnalité juridique** |
|---|---|---|
| Imenyesha ku mashyirahamwe, imiryango n'ibigo bifite ubuzima gatozi rikorwa ku buryo bw'ikoranabuhanga. Iyo bidashobotse, imenyesha rikorerwa ku cyicaro gikuru cyabyo cyangwa aho ishami ryabyo rikorera. | Service of a summons on associations, organisations and corporations with legal personality is made through electronic system. If it is impossible, the summons is delivered at their registered head office or branch. | La signification aux associations, organisations et établissements dotés de la personnalité juridique est faite au moyen du système électronique. En cas d'impossibilité, la signification est faite à leur siège principal ou à leur agence. |
| Urwandiko ruhamagara rushyikirizwa ushinzwe kwakira amabaruwa. | A summons is delivered to the person responsible for receiving mails. | La signification est délivrée au chargé du courrier. |
| Iyo aho ayo mashyirahamwe, imiryango n'ibigo bikorera hadashoboye kumenyekana hakoreshwa uburyo buteganywa mu ngingo ya 46 y'iri tegeko. | If such associations, organisations and corporations have no known offices, the service of summons is made in the manner provided under Article 46 of this Law. | Lorsque le siège des personnes morales n'est pas connu, il est procédé au mode de signification prévu à l'article 46 de la présente loi. |
| Urwandiko rumenyesha amashyirahamwe, imiryango n'ibigo bidafite ubuzima gatozi rushyikirizwa abayobozi babyo. Iyo aho abayobozi babyo batuye cyangwa baba hatazwi, hakoreshwa uburyo buteganywa mu ngingo ya 46 y'iri tegeko. | The summons addressed to associations, organisations and corporations without legal personality is served on their leaders. If the place of domicile or residence of such leaders is unknown, the summons is served in the manner provided under Article 46 of this Law. | La signification des associations, organisations et établissements non dotés de la personnalité juridique est remise à leurs dirigeants. Lorsque ces dirigeants n'ont ni domicile ni résidence connu (s), il est procédé au mode visé à l'article 46 de la présente loi. |

| **Ingingo ya 48: Amasaha n'iminsi byo gutangamo imenyesha** | **Article 48: Hours and days of service of summons** | **Article 48: Heures de signification d'assignation** |
|---|---|---|
| Uretse igihe imenyesha rikozwe mu buryo bw'ikoranabuhanga, imenyesha ntirishobora gukorwa mbere ya saa kumi n'imwe za mu gitondo, nyuma ya saa moya z'ijoro no ku minsi y'ikiruhuko. | Except in cases where the summons is served through electronic means, the summons cannot be served before 5.00 a.m. and after 7.00 p.m. and on public holidays. | A l'exception de la signification est faite au moyen du système électronique, aucune signification ne peut être faite avant cinq heures du matin ni après dix-neuf heures du soir ni le jour férié. |
| **Ingingo ya 49: Igihe ihamagara rimara** | **Article 49: Period for service of summons** | **Article 49: Délai d'assignation** |
| Ihamagara rimara iminsi umunani (8) y'akazi yuzuye kuva umunsi umuburanyi yamenyesherejweho itumirwa rye n'uwo agomba kwitabaho. | The summons lasts for eight full (8) working days running from the date of service to the party by the summoning person. | Le délai d'assignation est de huit (8) jours francs entre la signification de l'assignation et le jour de la comparution. |
| Ihamagara ry'abantu badafite aho batuye cyangwa baba mu Rwanda hazwi ariko bafite aho batuye hazwi mu mahanga rimara amezi abiri (2), baba badafite aho batuye cyangwa baba hazwi mu mahanga rikamara amezi atatu (3). | The service of summons to persons with unknown domicile or residence in Rwanda but who have a known domicile abroad lasts for a period of two (2) months, and for three (3) months for people with unknown domicile or residence. | Le délai d'assignation est de deux (2) mois pour les personnes qui n'ont ni domicile, ni résidence connu au Rwanda mais qui ont une adresse connue à l'étranger, et de trois (3) mois pour celles dont le domicile et la résidence sont inconnus. |
| Igihe ihamagara ry'utuye mu mahanga aryiherewe ubwe ari mu Rwanda, agomba kwitaba mu gihe cyateganyirijwe ihamagara ku bafite aho baba cyangwa batuye mu Rwanda hazwi. | When a summons addressed to a person residing abroad is served on him/ her in person while in Rwanda, he/she is required to appear in court within the period applying to people with known domicile or residence in Rwanda. | Lorsque l'assignation à une personne domiciliée à l'étranger lui est remise au Rwanda, elle doit comparaître dans le délai prévu pour les personnes ayant domicile ou résidence connu au Rwanda. |
| Iyo ihamagara rikozwe mu buryo bw'ikoranabuhanga, igihe gitangira kubarwa | If the summons is served through electronic system, the period starts to run from the day the court has sent the summons. | Lorsque la signification est faite au moyen du système électronique, le délai d'assignation |

| | | |
|---|---|---|
| guhera ku munsi urukiko rwohereje ihamagara. | | commence à courir à partir de la date à laquelle la juridiction a envoyé l'assignation. |
| Icyakora iyo ihamagara ritanzwe mu gihe cya bugufi, rimara nibura iminsi itatu (3) ku manza zahamagajwe mu buryo busanzwe, n'iminsi cumi n'itanu (15) ku manza zahamagajwe ahatazwi mu Rwanda no ku manza z'ufite aho abarizwa hazwi mu mahanga. | However, if the summons is served on short notice, it lasts for at least three (3) days with regard to cases summoned in normal way, and fifteen (15) days with regard to cases for which the summons is addressed to unknown address in Rwanda and known address abroad. | Toutefois, si signification est faite à bref délai, l'assignation dure au moins trois (3) jours pour les affaires assignées par la voie normale et quinze (15) jours pour les affaires assignées l'adresse inconnue au Rwanda et à l'adresse connue à l'étranger. |
| **Ingingo ya 50: Ihamagara ry'umuburanyi mu gihe cya bugufi** | **Article 50: Summoning a party on short notice** | **Article 50: Assignation à bref délai** |
| Mu manza zigomba kuburanishwa mu gihe cya bugufi, Perezida w'urukiko rubifitiye ububasha, akoresheje icyemezo yatanze abisabwe, ashobora gutanga uruhushya rwo guhamagara umuburanyi mu gihe cya bugufi. Inyandiko ibisaba n'icyemezo kibitanga bimenyeshwa ababuranyi bose. | For cases requiring urgent hearing, the president of the competent court may, by use of an order issued upon application, authorize the summoning of a party on short notice. Such an application and and an order granting it are notified to all parties. | Dans les cas qui requièrent célérité, le Président de la juridiction compétente, peut, par ordonnance rendue sur requête, permettre d'assigner une partie à bref délai. La demande y relative et l'ordonnance sont notifiées à toutes les parties. |
| **Ingingo ya 51: Ihamagara ridakurikije amategeko** | **Article 51: Illegal summoning** | **Article 51: Assignation irrégulière** |
| Mu gihe ihamagara ritakozwe hifashishijwe ikoranabuhanga, urwandiko ruhamagara rugomba gutangwa n'umuntu ubifitiye ububasha. | When the summons is served without using electronic means, the summons must be issued by an authorized person. | Lorsque signification n'a pas été faite au moyen du système électronique, la signification doit être remise par une personne habilitée. |

| | | |
|---|---|---|
| Urwandiko ruhamagara rutanzwe n'umuntu utabifitiye ububasha cyangwa rutagaragaza itariki rwahereweho umuburanyi ntirugira agaciro imbere y'urukiko. | The summons issued by an unauthorized person or one which does not indicate the date of service on the party is invalid. | Une assignation remise par une personne non compétente ou qui ne porte pas de date de signification est irrégulière. |
| Umuntu wese ugira umwete muke mu guhamagara, uwanga guhamagara cyangwa kumenyesha ihamagara cyangwa uhamagara umuburanyi mu buryo bunyuranyije n'amategeko ahanishwa ihazabu mbonezamubano y'amafaranga y'u Rwanda atari munsi y'ibihumbi ijana (100.000) ariko atarenze ibihumbi magana abiri (200.000), bitabujije kuba yacibwa indishyi zikwiye umuburanyi warenganijwe n'iryo kosa. | Any person who demonstrates negligence in terms of summoning, refuses to summon or serve summons or illegally summons a party is liable to a civil fine of not less than a hundred thousand (100,000) Rwandan francs and not more than two hundred thousand (200,000) Rwandan francs, and can be ordered to pay fair damages to the aggrieved party. | Toute personne qui se rend coupable de la négligence lors de l'assignation, refuse de procéder à l'assignation, refuse d'en faire la notification ou assigne irrégulièrement une partie est passibles d'une amende civile d'au moins cent mille (100.000) francs rwandais mais n'excédant pas deux cent mille (200.000) francs rwandais, sans préjudice au payement des dommages-intérêts qui peuvent être dus à la partie lésée. |
| **Ingingo ya 52: Uburenganzira bw'umuburanyi wahamagawe binyuranyije n'amategeko** | **Article 52: Rights of an illegally summoned party** | **Article 52: Droit d'une partie assignée irrégulièrement** |
| Umuburanyi warenganye mu rubanza azize ko yahamagawe mu buryo bunyuranyije n'amategeko, ashobora gusaba ko urwo rubanza rusubirwamo iyo atabashije kwitaba urukiko. Muri icyo gihe abigaragariza ibimenyetso. | Any party aggrieved in a case as a result of illegal summons may apply for case review if he/she did not appear in court. In this case, he/she furnishes relevant proofs. | La partie lésée par un procès consécutif à une assignation irrégulière peut faire opposition au jugement si elle n'a pas pu comparaître. Dans ce cas, elle en fournit les preuves. |

# **<u>Appendix 2</u>**

# IAIN FREDERICK EDWARDS

| | |
|---|---|
| **ADDRESS** | Nicolaïstraat 77, 2517TA The Hague, Netherlands |
| **TELEPHONE** | (NL) +31 6 33 50 22 07 • (CI) +225 07 67 55 01 94 • (UK) +44 7779 713425 |
| **EMAIL** | iain.edwards@1mcb.com • iedwards@iccepn.org |
| **WEBSITE** | 1mcb.com/barrister/iain-edwards • linkedin.com/in/iainedwards1mcb |
| **BORN** | 24 October 1973 • Montreal, Canada |
| | British and Canadian nationalities |

---

## PROFESSIONAL EXPERIENCE – INTERNATIONAL

**JAN. 2022 TO DATE** — **INTERNATIONAL RESIDUAL MECHANISM FOR CRIMINAL TRIBUNALS**   **ARUSHA, TANZANIA**
- *Counsel, defence for Alphonse Nteziryayo*

Representing former *préfet* of Butare prefecture, released after serving his sentence in Arusha, in efforts to be evacuated from Niger and permanently resettled in a safe country.

**JULY 2021 TO DATE** — **INTERNATIONAL CRIMINAL COURT**   **THE HAGUE, NETHERLANDS**
- *Associate counsel, defence for Ali Muhammad Ali Abd-Al-Rahman*

Defending alleged senior leader of Arab militia/Janjaweed, charged with 31 counts of *inter alia* murder, rape, forcible transfer, persecution and torture as crimes against humanity, and numerous war crimes, between August 2003 and April 2004 in Darfur, Sudan.

**OCT. 2021 - FEB. 2022** — **INTERNATIONAL CRIMINAL COURT**   **THE HAGUE, NETHERLANDS**
- *Associate counsel (ad hoc), defence for Al Hassan Ag Abdoul Aziz*

Defended alleged member of Ansar Eddine and former *de facto* chief of Islamic police in Timbuktu, charged with 13 counts of *inter alia*, torture, rape and forced marriages as crimes against humanity, and numerous war crimes, between April 2012 and January 2013 in Mali.

**APR. 2021 - TO DATE** — **OMBUDSPERSON TO THE ISIL (DA'ESH) AND AL-QAIDA SANCTIONS COMMITTEE**
- *Pro bono counsel*

Representing petitioners, alleged Al-Qaida facilitators and financial supporters, seeking delisting from UN Security Council's ISIL (Da'esh) and Al-Qaida Sanctions List.

**DEC. 2019 - JUNE 2022** — **INTERNATIONAL RESIDUAL MECHANISM FOR CRIMINAL TRIBUNALS**   **ARUSHA, TANZANIA**
- *Legal consultant, defence for Marie Rose Fatuma*

Defended one of six persons accused of contempt of court by pressuring and bribing witnesses to change their evidence in review proceedings of Augustin Ngirabatware.

**AUG. 2021 - JAN. 2022** — **INTERNATIONAL CRIMINAL COURT**   **THE HAGUE, NETHERLANDS**
- *Counsel in matter of a disciplinary complaint*

Defended list counsel before Disciplinary Board following complaint filed by an ICC Judge. Proceedings dismissed for want of jurisdiction after full written submissions.

DEC. 2020 - **AXIOM INTERNATIONAL LTD.**                    ERBIL, KURDISTAN REGION OF IRAQ
APR. 2021
- *Judicial trainer and mentor*

Consulted on UK Embassy project, "Iraq Counter-Terrorism Prosecutions and Investigations", designed to improve prosecutorial and judicial standards, specifically in terrorism cases.

JAN. 2017 - **INTERNATIONAL RESIDUAL MECHANISM FOR CRIMINAL TRIBUNALS**   THE HAGUE, NETHERLANDS
OCT. 2020
- *Co-counsel, defence for Jovica Stanišić (Mar. 2017 - Oct. 2020)*
- *Legal consultant, defence for Jovica Stanišić (Jan. 2017 - Mar. 2017)*

Defended former head of Serbian state security service, jointly charged with persecution, murder, deportation and forcible transfer as crimes against humanity, and murder as a war crime, throughout large areas of Croatia and Bosnia & Herzegovina between 1991 and 1995.

JAN. 2017 - **GLOBAL RIGHTS COMPLIANCE LLP**                    THE HAGUE, NETHERLANDS
OCT. 2020
- *Senior legal consultant*

Projects include *amicus curiae* submissions to the ICC in appeal against pre-trial chamber's decision to refuse permission to Prosecutor to initiate investigations in Afghanistan.

OCT. 2018 - **AXIOM INTERNATIONAL LTD.**                    PRISTINA, KOSOVO
APR. 2019
- *Senior rule of law expert*

Consulted on UK Embassy project, "Strengthening the Judicial System of Kosovo", designed to improve integrity, accountability and effectiveness of judicial and prosecutorial institutions.

JUNE 2017 - **INTERNATIONAL CRIMINAL COURT**                    THE HAGUE, NETHERLANDS
FEB. 2018
- *Rule 74 counsel*

Represented prosecution witnesses pursuant to ICC Rule 74 in case of *Prosecutor v. Ongwen*.

OCT. 2016 - **INTERNATIONAL RESIDUAL MECHANISM FOR CRIMINAL TRIBUNALS**   THE HAGUE, NETHERLANDS
FEB. 2017
- *Counsel in matter of a disciplinary complaint*

Defended list counsel during Panel investigation phase in first disciplinary proceedings before MICT following complaint filed by Registrar. Allegations summarily dismissed.

NOV. 2012 - **SPECIAL TRIBUNAL FOR LEBANON**                    THE HAGUE, NETHERLANDS
DEC. 2016
- *Legal consultant for three defence teams in* Ayyash et al. *case (Oct. 2016 - Dec. 2016)*
- *Co-counsel, defence for Mustafa Badreddine (Dec. 2013 - Oct. 2016)*
- *Legal consultant, defence for Mustafa Badreddine (Nov. 2012 - Dec. 2013)*

Represented senior Hezbollah commander, alleged to be mastermind behind assassination of Rafik Hariri and associated acts of terrorism, in first international trial to deal with terrorism as distinct international crime, and first to be held *in absentia* since Nuremberg.

OCT. 2010 - **HIGH COURT & SUPREME COURT OF RWANDA**                    KIGALI, RWANDA
DEC. 2013
- *Co-counsel, defence for Victoire Ingabire*

Defended chairperson of coalition of Rwandan opposition parties, charged with terrorism, genocide ideology, discrimination, and disseminating false rumours against the government.

AUG. 2010 -   **INTERNATIONAL CRIMINAL TRIBUNAL FOR RWANDA**                    ARUSHA, TANZANIA
MAR. 2012      • *Legal adviser, defence for Jean Uwinkindi*

Defended pastor charged with genocide and extermination as crime against humanity in ICTR Rule 11*bis* proceedings involving referral to High Court in Rwanda.

FEB. 2010 -   **INTERNATIONAL CRIMINAL TRIBUNAL FOR RWANDA**                    ARUSHA, TANZANIA
NOV. 2010      • *Legal adviser, defence for Gaspard Kanyarukiga*

Advised and assisted in defence of businessman charged before ICTR with genocide, complicity in genocide, and extermination as crime against humanity.

MAR. 2009 -   **INTERNATIONAL CRIMINAL TRIBUNAL FOR RWANDA**                    ARUSHA, TANZANIA
NOV. 2010      • *Legal adviser, defence for Dominique Ntawukulilyayo*

Advised and assisted in defence of first *sous-préfet* to be charged before ICTR with genocide, complicity in genocide, and direct and public incitement to commit genocide.

## LISTS OF COUNSEL

FEB. 2021      *Corps spécial d'avocats*, Special Criminal Court, Central African Republic
SEPT. 2019     International Residual Mechanism for Criminal Tribunals – *amicus curiae* Prosecutor
SEPT. 2019     Ombudsperson to the ISIL (Da'esh) and Al-Qaida Sanctions Committee
MAR. 2018      Kosovo Specialist Chamber
FEB. 2015      International Criminal Court – defence and victims
AUG. 2014      International Residual Mechanism for Criminal Tribunals
OCT. 2012      Special Tribunal for Lebanon
MAR. 2010      International Criminal Tribunal for Rwanda

---

## PROFESSIONAL EXPERIENCE – DOMESTIC

SEPT. 2001    **1MCB (FORMERLY 8 KING'S BENCH WALK) – CHAMBERS OF JOHN BENSON QC**     LONDON, UK
TO DATE        • *Barrister, called October 2000 (Middle Temple)*

- Crime: conducted many hundreds of trials in cases covering whole range of criminal activity including serious violence and public disorder, rape and other serious sexual assault, complex fraud, armed robbery, firearms possession, and drugs and human trafficking.
- Particular expertise in international crimes involving exercise of universal jurisdiction, immigration-related cases, and cases that provide an opportunity to argue abuse of process.
- Asylum/immigration law: represented hundreds of asylum seekers from a wide range of countries on appeal. Conducted scores of deportation and human rights appeals.
- Extradition law: (cat. 1 and cat. 2 territories), including to High Court and Supreme Court.
- Appellate work: significant experience, appearing regularly in Court of Appeal.

# RECENT TRAINING AND SPEAKING ENGAGEMENTS

JULY 2022   **FAIR TRIAL RIGHTS AND CHALLENGES FOR THE DEFENCE**   **AMSTERDAM, NETHERLANDS**
*Guest lecturer, CICJ Summer School: international criminal justice – Vrije Universiteit Amsterdam*

JUNE 2022   **THE RIGHTS OF THE ACCUSED IN ICC PROCEEDINGS**   **THE HAGUE, NETHERLANDS**
*Speaker, Information session for Sudanese legal community – Sudanese Bar Association/ICC*

APR. 2022   **THE ROLE OF ARTICLES 55-56 AND RULE 74 COUNSEL**   **THE HAGUE, NETHERLANDS**
*Speaker, Annual Training for ICC Counsel – ICCBA/ICC*

MAR. 2022   ***LA DÉFENSE DEVANT LES JURIDICTIONS PÉNALES INTERNATIONALES***   **THE HAGUE, NETHERLANDS**
*Guest lecturer, International criminal justice Masters 2 – Université Paris-Panthéon-Assas*

FEB. 2022   **INTERNATIONAL CRIMINAL JUSTICE: PROSECUTION TO DEFENCE**   **GRONINGEN, NETHERLANDS**
*Guest lecturer, European Law Students' Association, University of Groningen*

JAN. 2021   **FAIR TRIAL RIGHTS AND CHALLENGES FOR THE DEFENCE**   **AMSTERDAM, NETHERLANDS**
*Guest lecturer, International crimes, conflict and criminology M.Sc. – Vrije Universiteit Amsterdam*

MAY 2020   **CHALLENGES OF THE DEFENCE IN INTERNATIONAL CRIMINAL LAW**   **THE HAGUE, NETHERLANDS**
*Guest lecturer, DePaul University College of Law/IRMCT*

NOV. 2019   **DEVELOPMENTS AT THE IRMCT: A RETROSPECTIVE OF THE YEAR**   **THE HAGUE, NETHERLANDS**
*Speaker, 7th International Meeting of the Defence – STL/ICC*

NOV. 2019   **TERRORISM AS A CORE INTERNATIONAL CRIME**   **THE HAGUE, NETHERLANDS**
*Speaker, 11th The Hague Legal Symposium – International Association of Conference Interpreters*

JULY 2019   **FAIR TRIAL STANDARDS IN INTERNATIONAL CRIMINAL LAW**   **AMSTERDAM, NETHERLANDS**
*Guest lecturer, CICJ Summer School: international criminal justice – Vrije Universiteit Amsterdam*

MAY 2019   **THE ROLE OF THE DEFENCE IN INTERNATIONAL CRIMINAL TRIALS**   **THE HAGUE, NETHERLANDS**
*Guest lecturer – DePaul University College of Law/IRMCT*

NOV. 2018   **RETRIALS BEFORE INTERNATIONAL CRIMINAL TRIBUNALS**   **THE HAGUE, NETHERLANDS**
*Speaker, 6th International Meeting of the Defence – STL*

JULY 2018   **THE RIGHT TO A FAIR TRIAL IN THEORY AND IN PRACTICE**   **AMSTERDAM, NETHERLANDS**
*Guest lecturer, CICJ Summer School: international criminal justice – Vrije Universiteit Amsterdam*

JUNE 2018   **20TH ANNIVERSARY OF THE ROME STATUTE:**   **THE HAGUE, NETHERLANDS**
**REFLECTIONS FROM THE PERSPECTIVE OF THE DEFENCE**
*Panel moderator, training for ICC Counsel – ICCBA/ICC*

MAY 2018   **ADVOCACY IN INTERNATIONAL CRIMINAL PROCEEDINGS**   **THE HAGUE, NETHERLANDS**
*Judge, International Criminal Trial Advocacy Programme – Penn State University/ICCBA*

FEB. 2018   ***DÉFIS PRATIQUES & STRATÉGIES DE L'ENQUÊTE ET POURSUITE***   **THE HAGUE, NETHERLANDS**
***DES VIOLENCES SEXUELLES ET BASÉES SUR LE GENRE***
*Trainer, seminar for judges from Francophone Africa – T.M.C. Asser Institute/Cassese Initiative*

NOV. 2017   *CARACTÉRISTIQUES DU PROCÈS PÉNAL INTERNATIONAL*   **PARIS, FRANCE**
*Guest lecturer, continuing professional training for judges – École Nationale de la Magistrature*

NOV. 2017   **A COMMON CODE OF PROFESSIONAL CONDUCT FOR ICTs**   **NUREMBERG, GERMANY**
*Speaker, 5th International Meeting of the Defence – International Nuremberg Principles Academy/STL*

SEPT. 2017   *LE PROJET "SOLPERIÈRES" – L'ORDONNANCE DE RENVOI*   **MADRID, SPAIN**
*Construire la justice pénale internationale du XXII° siècle – Gen. Council of the Judiciary*

JUNE 2017   *LA DÉFENSE DEVANT LES JURIDICTIONS PÉNALES INTERNATIONALES*   **THE HAGUE, NETHERLANDS**
*Speaker, École Nationale de la Magistrature/IRMCT*

JUNE 2017   **VULNERABLE WITNESSES, REPARATIONS & ADVOCACY**   **THE HAGUE, NETHERLANDS**
*Co-organiser and trainer, Annual Training for ICC Counsel – ICCBA/ICC*

JUNE 2017   **ADVOCACY AND COMPETENCIES OF THE INT'L CRIMINAL LAWYER**   **THE HAGUE, NETHERLANDS**
*Co-organiser, International Criminal Trial Advocacy Programme – Penn State University/ICCBA*

JUNE 2017   **ACHIEVEMENTS OF THE ICC AND *AD HOC* TRIBUNALS**   **THE HAGUE, NETHERLANDS**
*Speaker, The Lawyer in Dialogue with the ICC – Fédération des Barreaux d'Europe*

MAY 2017   **THE IIIM AND THE FUTURE OF ACCOUNTABILITY MECHANISMS**   **THE HAGUE, NETHERLANDS**
*Speaker, Hague Project Peace and Justice/The Hague Institute for Global Justice*

APR. 2017   **ICCBA INAUGURAL DAY OF TRAINING**   **THE HAGUE, NETHERLANDS**
*Co-organiser and moderator, International Criminal Court Bar Association*

APR. 2017   **CHALLENGING THE INDICTMENT AND OTHER PRE-TRIAL ISSUES**   **PRISTINA, KOSOVO**
*Co-organiser and trainer, International Criminal Law Programme – Kosovo Bar Association*

FEB. 2017   **REFUGEES AS VICTIMS OF SLAVERY AND OTHER CRIMES**   **THE HAGUE, NETHERLANDS**
*Speaker, The World in Crisis Conference – International Bar Association*

NOV. 2016   **DAY-TO-DAY CHALLENGES FOR THE DEFENCE IN COURT**   **LONDON, UK**
*Speaker, 4th International Meeting of Defence Offices – International Bar Association/STL*

NOV. 2016   *LE PROJET "SOLPERIÈRES" – LE PROCÈS*   **THE HAGUE, NETHERLANDS**
*Speaker, Construire dès aujourd'hui la Justice Pénale Internationale du XXII° siècle – Peace Palace*

SEPT. 2016   **CROSS-EXAMINATION, HOSTILE WITNESSES & SUBMISSIONS**   **THE HAGUE, NETHERLANDS**
*Trainer, ADC-ICTY advocacy training – IRMCT*

JUNE 2016   **ROLE OF DUTY COUNSEL, INVESTIGATIONS & ETHICS**   **THE HAGUE, NETHERLANDS**
*Trainer, Annual Training for ICC Counsel – Avocats sans frontières/ICC*

JUNE 2016   *LA COOPÉRATION DES ÉTATS AVEC LA DÉFENSE*   **PARIS, FRANCE**
*Séminaire de Réflexion en Droit International Pénal – CRDH/Université Paris-Panthéon-Assas*

JAN. 2016   **THE DEFENCE IN *IN ABSENTIA* CRIMINAL TRIALS**   **THE HAGUE, NETHERLANDS**
*Speaker, École de Guerre (France)/STL*

OCT. 2015   **RECENT DEVELOPMENTS FOR DEFENCE OFFICES**   **GENEVA, SWITZERLAND**
*Moderator, 3rd International Meeting of Defence Offices – The Bar of Geneva/STL*

| JULY 2015 | *LA DÉFENSE DEVANT LES JURIDICTIONS PÉNALES INTERNATIONALES*<br>Speaker, Conférence sur le Droit Pénal International et les Droits de l'Homme | DAKAR, SENEGAL |
|---|---|---|
| FEB. 2015 | CHALLENGES FOR THE DEFENCE – *IN ABSENTIA* PROCEEDINGS<br>Speaker, The Bar of The Hague/STL | THE HAGUE, NETHERLANDS |
| NOV. 2014 | FAIR TRIAL RIGHTS IN RWANDA<br>Speaker, International Symposium on the Legacy of the ICTR | ARUSHA, TANZANIA |
| MAY 2013 | KEY HUMAN RIGHTS ISSUES IN THE APPEAL OF VICTOIRE INGABIRE<br>Speaker, Human Rights Defenders Focal Point/UK Embassy | KIGALI, RWANDA |
| FEB. 2013 | ETHICAL ISSUES BEFORE THE *AD HOC* TRIBUNALS<br>Speaker, Ethics Before International Criminal Courts – The Bar of Liège/BPICB | LIÈGE, BELGIUM |
| DEC. 2012 | *LE MINEUR, UN DÉLINQUANT MAJEUR ?*<br>Speaker, 13èmes Assises des Avocats d'Enfants | MONTPELLIER, FRANCE |
| OCT. 2012 | BACK TO THE FUTURE – OBSCENITY AND SEXUAL OFFENCES SENTENCING<br>Speaker, 1 Mitre Court Buildings Seminar Series 2012 | LONDON, UK |
| SEPT. 2012 | INTERNATIONAL CRIMINAL JUSTICE: JUSTICE FOR WHOM?<br>Speaker, 3rd International Criminal Defence Conference | MONTREAL, CANADA |

---

## EDUCATION

| SEPT. 1999 -<br>JUNE 2000 | INNS OF COURT SCHOOL OF LAW<br>*Postgraduate Diploma in Professional Legal Skills (Bar Vocational Course)* | LONDON, UK |
|---|---|---|

- Very competent – options in advanced criminal litigation and family litigation.

| SEPT. 1998 -<br>JULY 1999 | UNIVERSITY COLLEGE LONDON<br>*LL.M. Public International Law* | LONDON, UK |
|---|---|---|

- International criminal law, international human rights law, UN law, alternative dispute resolution (extended essay on friendly settlements, art. 38 ECHR).

| SEPT. 1992 -<br>MAY 1996 | UNIVERSITY OF EAST ANGLIA<br>*LL.B. (Hons.) Law with French Law and Language* | NORWICH, UK |
|---|---|---|

- 2:1 – options in EC law, medical law and medical ethics.

| SEPT 1994 -<br>JUNE 1995 | UNIVERSITÉ JEAN MOULIN LYON III<br>*Diplôme d'études universitaires françaises* | LYON, FRANCE |
|---|---|---|

- Average grade of $^{16}/_{20}$ – criminology and legal medicine, national defence studies, EC law, comparative law, constitutional law, history of political thought.

## LANGUAGES

- English – native speaker
- French – fluent

---

## LEGAL DIRECTORIES

### CHAMBERS AND PARTNERS (UK BAR)
*Ranked as leading junior – international crime*

| | |
|---|---|
| 2022 | "He is a professional, courteous and hard-hitting barrister who makes you proud of the British Bar when you see him in court." |
| 2021 | "A highly regarded practitioner who attracts praise for his deep knowledge of international criminal law."<br>"Excellent with witnesses." |
| 2020 | "He excels at combining domestic and international law. One of those advocates that has it all, he is very persuasive."<br>"He is a passionate practitioner." |
| 2019 | "A very calm and composed advocate, who is incredibly experienced, very knowledgeable on the law and a good strategist." |
| 2018 | "A 'dedicated' and 'very accomplished strategist'."<br>"Very level-headed and composed, he has a great deal of experience which he brings to bear when formulating his strategic decisions." |
| 2017 | "International criminal law specialist who is praised for his approach with clients and his strong advocacy."<br>"He is an excellent barrister, who is very hard-working and shows great initiative."<br>"Ethical and very meticulous in his cross-examination." |
| 2016 | "He has particular skill in advising on genocide and terrorism charges."<br>"He is a very good and very polished advocate." |

### LEGAL 500 (UK BAR)
*Ranked as Tier 1 leading junior – international crime and extradition*

| | |
|---|---|
| 2022 | "A composed and highly competent advocate. Very experienced in international criminal law matters with a concomitant comprehensive understanding of this area of the law." |
| 2021 | "Unflappable in court. He puts everyone in the courtroom at ease whilst at the same time remaining focused, thorough and succinct. Mr. Edwards remains at the top of his game and is a stalwart in international criminal proceedings." |
| 2020 | "A star in the field of international crime." |
| 2018-2019 | "A composed advocate, his cross-examination is controlled and gentlemanly." |
| 2017 | "An exceptionally accomplished practitioner in the field, who genuinely thrives on his feet in the courtroom." |