**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAUL RUSESABAGINA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 22-00469 (RJL) |
| | ) |
| v. | ) |
| | ) |
| THE REPUBLIC OF RWANDA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITES IN**
**SUPPORT THEREOF TO STRIKE DEFENDANT'S NEW ARGUMENTS OR,**
**ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY**

Pursuant to LCvR  7, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Strike new arguments raised by Defendant Republic of Rwanda (hereinafter "Rwanda") in Defendant's Reply Memorandum in Further Support of the Republic of Rwanda's Motion to Dismiss Plaintiffs' Amended Complaint of August 29, 2022 ("Reply") [Dkt. No. 32][1], or, alternatively, leave to file a sur-reply within fifteen days of the Court's order granting such relief. Specifically, in its Reply brief Rwanda has raised two new arguments regarding Plaintiffs' Wiretap Act claims and the Court's subject matter jurisdiction under the commercial activities exception to the Foreign Sovereign Immunities Act, that are nowhere to be found in its Motion to Dismiss. Courts do not credit arguments raised for the first time in a reply brief, due to the prejudice to a party and to the adversarial system.

---

[1] Rwanda filed this Reply to Plaintiffs' Response to Rwanda's Motion to Dismiss the Amended Complaint ("Plaintiffs Response"), [Dkt. #31], filed on August 1, 2022.

As required by Local Rules, on September 13, 2022, counsel for Plaintiffs inquired by email whether Rwanda would consent to the filing of this motion, counsel for Rwanda responded that it does not consent.

Plaintiffs state the following in support of their Motion.

## LEGAL STANDARD

The Court should not credit arguments raised for the first time in a reply brief. *See e.g.*, *Jones v. Mukasey*, 565 F. Supp. 2d 68, 81 (D.D.C. 2008). "As the D.C. Circuit has consistently held, the Court should not address arguments raised for the first time in a party's reply." *Id.* (citing *Am. Wildlands v. Kempthorne,* 530 F.3d 991, 1001 (D.C. Cir. 2008)). Such arguments are "forfeited . . . ." *Pardo-Kronemann v. Donovan*, 601 F.3d 599, 610 (D.C. Cir. 2010) (""district courts, like this court, generally deem arguments made only in reply briefs to be forfeited . . . ." ") (citing *Jones v. Mukasey*, 565 F. Supp. 2d 68, 81 (D.D.C. 2008)); *Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 22 (D.D.C. 2013), *aff'd* 699 F.3d 538 (D.C. Cir. 2012) (forfeiting an argument made for the first time in a reply brief). To consider an argument raised in a reply brief "would risk the possibility 'of an improvident or ill-advised opinion . . . .'" *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992) (quoting *McBride v. Merrell Dow & Pharm.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986)).

Alternatively, the Court may grant a motion for a sur-reply. When a moving party raises arguments for the first time in its reply to the non-moving party's opposition, "the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004) (citing *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)). These alternatives ensure that the non-moving party will not be

denied the ability to dispute new matters presented to the court, a situation that would otherwise be "manifestly unfair." *Flynn*, 310 F. Supp. 2d at 189 (quoting *Herbert v. Nat'l Acad. Of Scis.*, 974 F.2d 192, 195 (D.C. Cir. 1992)).

"The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Ying Qing Lu v. Lezell*, 45 F. Supp. 86, 91 (D.D.C. 2014) (citing *American Forest & Paper Ass'n v. United States EPA*, No. 93-cv-0694 (RMU), 1996 U.S. Dist. LEXIS 13230 at *11 (D.D.C. Sept. 4, 1996)). Accordingly, if a party's reply brief presents a novel issue, district courts will "routinely" grant leave to file a sur-reply. *Ben-Kotel*, 319 F.3d at 536; *Howard v. Office of the Chief Admin. Officer of the United States House of Representatives*, No. 15-5243, 2015 U.S. App. LEXIS 22290, at *2 (D.C. Cir. Dec. 21, 2015).

Even where a defendant simply replies to the plaintiffs' opposition briefing, discretion exists to grant leave to file a sur-reply. *See Ying Qing Lu*, 45 F. Supp. 3d at 91; *see also Wyoming Outdoor Council v. Bosworth*, 284 F. Supp. 2d 81, 87 n.7 (D.D.C. 2003) (granting leave even though the court found it "debatable whether the defendant raised new issues in their reply") (citing *Ben-Kotel*, 319 F.3d at 536). A sur-reply may be filed to respond to replies to arguments in the Reply because "'[w]hen a party is unable to contest matters presented to the court for the first time in the last scheduled pleading,' the court may grant that party leave to file a sur-reply." *Wyoming Outdoor Council*, 284 F. Supp. 2d at 87 n.7 (quoting *Ben-Kotel*, 319 F.3d at 536).

## ARGUMENT

This Court should grant this Motion for two separate reasons: Rwanda failed to raise two important arguments in its opening brief and therefore forfeited them, *Poland v. D.C. Water & Sewer Auth.*, Civil Action No. 1:16-cv-2031 (TSC), 2022 U.S. Dist. LEXIS 118080, at *16 (D.D.C. July 6, 2022) (citing *Conservation Force*, 916 F. Supp. 2d at 22), and allowing Rwanda

to raise arguments in this manner prejudices Plaintiffs and harms the quality of the adversarial process. *Bradley Mining Co. v. U.S. EPA*, 972 F.2d 1356, 1361 (D.C. Cir. 1992) (quoting *McBride v. Merrell Dow & Pharmaceuticals, Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986)).

Rwanda has added a new argument in its Reply brief, regarding Plaintiffs' Wiretap Act claims. On page 17 of Rwanda's Reply, it makes this argument for the first time:

> The Amended Complaint fails to state a claim for violations of the Wiretap Act in the United States or elsewhere because the Wiretap Act (18 U.S.C. § 2510, *et seq.*) "does not create a civil cause of action against a foreign state for interceptions of wire, oral, or electronic communications in violation of section 2511(1)." *Doe v. Fed. Democratic Republic of Ethiopia ("Doe I")*, 189 F.Supp.3d 6, 15 (D.D.C. 2016), *aff'd*, 851 F.3d 7 (D.C. Cir. 2017). As a result, Plaintiffs' allegations that Rwanda violated the Wiretap Act entirely within the United States or anywhere fail to state a claim upon which relief may be granted.

(footnote omitted). There can be no doubt that Rwanda was aware of this "cause of action" argument when it filed its Motion to Dismiss ("MTD") because it raised a different argument based upon the same *Doe* case in the MTD but failed to include the "cause of action" argument. On page 16 of Rwanda's MTD it argued:

> To be actionable under this exception every element of a tort including both injury and "the act precipitating that injury . . . must occur in the United States." *Doe v. Fed. Democratic Republic of Ethiopia*, 189 F. Supp. 3d 6, 19 (D.D.C. 2016), *aff'd*, 851 F.3d 7 (D.C. Cir. 2017).

Nowhere in the MTD is there a mention of the argument Rwanda has now raised in its Reply brief.[2] And Plaintiffs did not fail to respond to the argument Rwanda actually made in its MTD. *See* Response at 25-30 ("While Plaintiffs have demonstrated that Rwanda's tortious conduct occurred entirely within the United States, Rwanda raises two additional arguments, that § 1605(a)(5)(A) and § 1605(a)(5)(B) both separately apply to allow it to reassert its immunity. Br.

---

[2] Tellingly, with regards to Plaintiffs' Wiretap Act claims, Rwanda focused its 12(b)(6) motion on a timeliness argument that appears nowhere in its reply brief. *Compare* MTD at 36-37, *with* Reply at 17.

at 21-25. Rwanda is incorrect."). Plaintiffs are further prejudiced by the narrow briefing on the

new legal theory from Rwanda, which cites only *Doe* without notifying the Court that its ruling

stands against the "majority view [] nationwide". *Kemeness v. Worth County*, 449 F. Supp. 3d

1318, 1324 & n.5 (M.D. Ga. 2020) (collecting cases); *see also, e.g.*, *Adams v. City of Battle

Creek*, 250 F.3d 980, 985 (6th Cir. 2001) ("Most courts addressing the issue have held that the

1986 amendments indicate that a governmental entity may be liable in a civil suit under the

Act."). This exemplifies the need for the rule against new arguments in a party's reply brief.

  Secondly, Rwanda argues for the first time in its Reply that Plaintiffs fail to satisfy prong

two of the commercial activity exception because the "Plaintiffs' claims are not based upon acts

performed 'in connection' with Rwanda's commercial activity. . . ." Reply at 10. Rwanda further

argues that "Plaintiffs do not allege any commercial activity by or of Rwanda 'elsewhere' as

required by the FSIA" and argue the novel theory that a "predicate 'act' cannot also be the

related 'commercial activity' itself[.]" Reply at 11. Rwanda did not raise either of these

arguments in its MTD, instead arguing, "[z]eroing in on the core of Plaintiffs' suit here, the

gravamen of the Amended Complaint does not allege any conduct or activity that falls within the

commercial activity exception." MTD at 14.

   Should the Court decline to strike the new arguments as forfeited, Plaintiffs should be

provided an opportunity to rebut them. *See Ben-Kotel*, 319 F.3d at 536; *Bradley Mining Co.*, 972

F.2d at 1361 (courts must avoid considering an argument for the first time in a reply). Even if the

Court should decide that these new arguments were appropriately raised in response to Plaintiffs'

Response to Rwanda's Motion to Dismiss the Amended Complaint ("Plaintiffs Response"),

[Dkt. No. #31], the Plaintiffs should nonetheless have an opportunity to respond to these new

arguments. *See Wyoming Outdoor Council*, 284 F. Supp. 2d at 87 n.7 (granting leave even

though the court found it "debatable whether the defendant raised new issues in their reply")

(citing *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)).

Plaintiffs request fifteen days from the date of the Court's order to file the sur-reply, which in view of the multiple replies yet due from Defendants on two pending motions to dismiss, will not unduly delay these proceedings. Further, this exact procedure—to first file for leave to file a sur-reply and then to file the sur-reply fifteen days after granting of the motion— has often passed muster in this Court. *See e.g.*, *Imapizza, LLC v. At Pizza Ltd.*, Civil Action No. 17-2327 (TJK), 2018 U.S. Dist. LEXIS 227733, at \*4 (D.D.C. July 26, 2018).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully the Court grant Plaintiffs' Motion to Strike the new arguments raised by Rwanda in its Reply Memorandum of August 29, 2022 [Dkt. No. 32], or, alternatively, leave to file a sur-reply within fifteen days of the Court's order granting such relief.


September 13, 2022                    Respectfully submitted,


                                     **/s/ Steven R. Perles**
                                     Steven R. Perles (D.C. Bar # 326975)
                                     Edward MacAllister (D.C. Bar # 494558)
                                     Joshua K. Perles (D.C. Bar # 1031069)
                                     Emily Amick (D.C. Bar # 242018)
                                     Perles Law Firm, PC
                                     816 Connecticut Avenue, NW
                                     12th Floor
                                     Washington, D.C. 20036
                                     Phone: (202) 955-9055
                                     sperles@perleslaw.com
                                     emacallister@perleslaw.com

                                     Agnieszka M. Fryszman (D.C. Bar #459208)
                                     Nicholas J. Jacques (D.C. Bar #1673121)

6

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., N.W.
East Tower, Suite 500
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699
afryszman@cohenmilstein.com
NJacques@cohenmilstein.com

John Arthur Eaves, Jr. (D.C. Bar #432137)
Christopher Brady Eaves (V.T. Bar #6370)
Eaves Law Firm
101 North State Street
Jackson, MS 39201
Phone: (601) 355-7961
johnjr@eaveslawmail.com

John Calvin Patterson (M.S. Bar # 103140) *Of Counsel*
213 Main Street
Como, MS 38619
Phone: (662) 526-1992
JCP@Pattersonehrhardt.com