UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL RUSESABAGINA, *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>THE REPUBLIC OF RWANDA, *et al.*,<br><br>Defendants. | Civil Action No.: 22-00469 (RJL) |

### RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

Defendant, Republic of Rwanda ("Rwanda"), by and through its undersigned counsel, submits this Response in Opposition to Plaintiffs' Motion to Strike Reply [D.E. 32] to Opposition to Motion to Dismiss, or in the Alternative, for Leave to File a Sur-reply [D.E. 36] (the "Motion to Strike"), and hereby states as follows:

In its Reply Memorandum of Points and Authorities in Further Support of the Republic of Rwanda's Motion to Dismiss Plaintiff's Amended Complaint [D.E. 32] (the "Reply"), Rwanda properly responded to Plaintiffs' Response to Defendant the Republic of Rwanda's Motion to Dismiss the Amended Complaint [D.E. 31] (the "Response").

In the present Motion to Strike, Plaintiffs alleged that Rwanda raised two issues for the first time: the Wiretap Act does not create a new cause of action, and (2) Plaintiffs' claims were not based on acts performed in connection with any commercial activity by Rwanda.

As to the Wiretap Act, Rwanda moved to dismiss the entire claim and pointed out the fact that the Wiretap Act does not create a new cause of action does not prejudice Plaintiffs, as Plaintiffs purported to support that claim in their Response. *See* Response at 19, 44–45. Furthermore, Plaintiffs repeatedly argued in the Response that Rwanda's alleged electronic

1

surveillance is "illegal." Response at 1, 26-28. Rwanda properly asserted in its Reply that the Wiretap Act does not provide a cause of action in response to Plaintiffs' argument. Reply at 16-17, 18 n.6.

As to the commercial activity exception, Rwanda properly responded to the arguments raised by Plaintiffs in their Response. Plaintiffs devoted over ten pages of their Response to an attempted explanation of how the allegations in the Amended Complaint allegedly satisfy all three clauses of the commercial tort exception. Response at 12-23, 44. Rwanda properly responded to Plaintiffs' arguments in its Reply by explaining why Plaintiffs' allegations do not qualify as commercial activity of Rwanda and do not satisfy any clause of the commercial activity exception, including the second clause. Reply at 3-12.

Accordingly, there is no basis to strike any portion of the Reply or to allow Plaintiffs to file a sur-reply.

## CONCLUSION

For the foregoing reasons, Rwanda respectfully requests that the Court enter an order denying Plaintiffs' Motion to Strike.

Dated: September 19, 2022

**ARENTFOX SCHIFF LLP**

By: */s/ Michael S. Cryan*
Michael S. Cryan
Michael.Cryan@afslaw.com
1717 K Street, NW
Washington, DC 200006
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

*Attorneys for Defendant*
*The Republic of Rwanda*