IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL RUSESABAGINA, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 22-00469 (RJL) |
| v. | ) |
| THE REPUBLIC OF RWANDA, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY TO RWANDA'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S NEW ARGUMENTS OR, ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY**

Defendant Republic of Rwanda (hereinafter "Rwanda") does not deny that the two arguments identified by Plaintiffs in their Motion to Strike ("Mot. Strike") are indeed new but argues that they were properly raised—for the first time in a reply brief—in response to Plaintiffs' brief in opposition. Rwanda therefore concedes their absence from its Motion to Dismiss—which prejudices both the Plaintiffs, by voiding their opportunity to respond, and the Court, by depriving it of the adversarial process—and therefore its forfeiture of those arguments.

In *Jones v. Mukasey*, the defendant filed a motion for summary judgment on a disparate impact claim and argued the plaintiff could not show a "a policy having a discriminatory impact was the reason his conditional offer was revoked" or that "that he was qualified for the job." 565 F. Supp. 2d 68, 81 (D.D.C. 2008). After the plaintiffs filed their response, that defendant added two new disparate impact claim arguments in his reply brief. *Id.* ("In his reply, defendant attempts to raise two new arguments."). Plaintiffs filed a motion to strike, and defendant responded by arguing that "the final portion of defendant's reply responds directly to argument raised by plaintiff in his opposition." CA 04-941 (ESH), Dkt. No. 38 at 2 (D.D.C. filed June 23,

1

2008). The Court agreed with the plaintiffs and struck the two new arguments. 565 F. Supp. 2d at 81.

Here, while in its Motion to Dismiss Rwanda argued the Court does not have subject matter jurisdiction over Plaintiffs' Wiretap Act claim and that the claim is untimely, it failed to argue, and thereby forfeited the argument, that Plaintiffs failed to state a cause of action for such a claim. Mot. Strike at 4. Allowing Rwanda to file a new argument after Plaintiffs calibrated their response to the arguments raised in Rwanda's Motion to Dismiss leaves Plaintiffs "no opportunity to respond." *See Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 22 (D.D.C. 2013).

Rwanda attempts to justify the inclusion of this new defense by seemingly arguing Plaintiffs responded to the other Wiretap Act arguments it actually raised in its Motion to Dismiss:

> As to the Wiretap Act, Rwanda moved to dismiss the entire claim and pointed out the fact that the Wiretap Act does not create a new cause of action does not prejudice Plaintiffs, as Plaintiffs purported to support that claim in their Response. *See* Response at 19, 44–45.

Response to Mot. Strike at 1. It is telling that Rwanda does not cite to its own Motion to support this justification, but rather cites to Plaintiffs' response brief. This is because in its motion, Rwanda focused on a timeliness argument that appears nowhere in its reply brief. *Compare* MTD at 36-37, *with* Reply at 17. Plaintiffs responded to that argument. Rwanda cannot justify the inclusion of this new defense against the Wiretap Act claim in its Reply brief based upon Plaintiffs' response to wholly different defenses in its Motion.

Rwanda also seeks to justify its new argument regarding the Wiretap Act claim because Plaintiffs argued "Rwanda's alleged electronic surveillance is 'illegal'" in their opposition to Rwanda's Motion to Dismiss. Response to Mot. Strike at 1-2. Here Rwanda seems to say that

Plaintiffs raised this issue for the first time in their opposition, thus justifying their new defense. However, Plaintiffs' Amended Complaint alleges this at several points. *See e.g.*, Amended Complaint, Dkt. No. 17, at ¶202 ("Rwanda could only have known about this information through its continued illegal surveillance of the Plaintiffs."). Indeed, the complaint contained a section entitled, "**RWANDAN GOVERNMENT ILLEGAL USAGE OF SPYWARE INSIDE THE UNITED STATES**". *Id.* at ¶¶93-108. Presumably, Rwanda based its Rule 12(b) motion to dismiss on the allegations in the complaint. Thus, Rwanda forfeited this argument by failing to raise it in its Motion to Dismiss.

The same analysis applies to Rwanda's new commercial activity exception argument. *See* Mot. Strike at 5. In Rwanda's Motion to Dismiss, it argued that the claims must be based on a commercial activity; in its reply Rwanda argued the claims *cannot* be based on a commercial activity. *Compare* MTD at 13 ("In determining whether claims against a foreign state fall under any of the three prongs of the commercial activity exception, a court must determine whether the action is 'based upon' particular commercial activity . . . ."), *with* Reply at 12 (arguing commercial activity must be "based on an act . . . taken in connection with a commercial activity" but "the predicate 'act' cannot also be the related 'commercial activity'"). Worse than just a new argument, Rwanda's reply argument is diametrically opposed to the argument Rwanda originally advanced.

Rwanda's new arguments on this issue should have been raised in its Motion to Dismiss, and by withholding them until the filing of the reply brief, Plaintiffs are prejudiced by a lack of an opportunity to reply. As Plaintiffs pointed out in their Motion to Strike, Rwanda's argument

regarding the Wiretap Act claim, obfuscates the controversy over the issue.[1] Courts are not "self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *McBride v. Merrell Dow & Pharm.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986) (quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983)). Allowing Rwanda to insert these new arguments "entails the risk of an improvident or ill-advised opinion on the legal issues tendered." *McBride*, 800 F.2d at 1211 (internal citations omitted).

Finally, even if it is "debatable whether the defendants raised new issues in their reply, the court" retains discretion to grant leave to file a sur-reply. *Wyo. Outdoor Council v. Bosworth*, 284 F. Supp. 2d 81, 87 n.7 (D.D.C. 2003) (citing *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)). Where the "defendants contend that they simply responded to the plaintiffs' views" meaning "'<u>a party is unable to contest matters presented to the court for the first time in the last scheduled pleading,' the court may grant that party leave to file a sur-reply</u>." *Wyo. Outdoor Council*, 284 F. Supp. 2d at 87 n.7 (emphasis added) (quoting *Ben-Kotel v. Howard Univ.*, 319 F.3d at 536).

## CONCLUSION

For the foregoing reasons and those stated in their Motion, Plaintiffs respectfully the Court grant Plaintiffs' Motion to Strike the new arguments raised by Rwanda in its Reply Memorandum of August 29, 2022 [Dkt. No. 32], or, alternatively, leave to file a sur-reply within fifteen days of the Court's order granting such relief.

---

[1] "Plaintiffs are further prejudiced by the narrow briefing on the new legal theory from Rwanda, which cites only *Doe* without notifying the Court that its ruling stands against the 'majority view [] nationwide'. *Kemeness v. Worth County*, 449 F. Supp. 3d 1318, 1324 & n.5 (M.D. Ga. 2020) (collecting cases); *see also, e.g.*, *Adams v. City of Battle Creek*, 250 F.3d 980, 985 (6th Cir. 2001) ('Most courts addressing the issue have held that the 1986 amendments indicate that a governmental entity may be liable in a civil suit under the Act.')." Mot. Strike at 5.

September 23, 2022                     Respectfully submitted,


**/s/ Steven R. Perles**
Steven R. Perles (D.C. Bar # 326975)
Edward MacAllister (D.C. Bar # 494558)
Joshua K. Perles (D.C. Bar # 1031069)
Emily Amick (D.C. Bar # 242018)
Perles Law Firm, PC
816 Connecticut Avenue, NW
12th Floor
Washington, D.C. 20036
Phone: (202) 955-9055
sperles@perleslaw.com
emacallister@perleslaw.com

Agnieszka M. Fryszman (D.C. Bar #459208)
Nicholas J. Jacques (D.C. Bar #1673121)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., N.W.
East Tower, Suite 500
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699
afryszman@cohenmilstein.com
NJacques@cohenmilstein.com

John Arthur Eaves, Jr. (D.C. Bar #432137)
Christopher Brady Eaves (V.T. Bar #6370)
Eaves Law Firm
101 North State Street
Jackson, MS 39201
Phone: (601) 355-7961
johnjr@eaveslawmail.com

John Calvin Patterson (M.S. Bar # 103140) *Of Counsel*
213 Main Street
Como, MS 38619
Phone: (662) 526-1992
JCP@Pattersonehrhardt.com